OPINION
{¶ 1} On February 4, 2004, appellant, Lyman Franklin, Executor of the Estate of Margaret Franklin, Deceased, filed a complaint for wrongful death against appellee, Steven Cole Bear. Appellant alleged Mrs. Franklin's death was proximately caused by the attack of a dog owned by appellee.
 {¶ 2} On December 7, 2004, appellee filed a motion for summary judgment, claiming appellant failed to establish proximate cause. By entry filed March 4, 2005, the trial court granted said motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT ON BEHALF OF THE DEFENDANT DESPITE COMPETENT AND CREDIBLE EVIDENCE THAT THERE EXISTED GENUINE ISSUES OF MATERIAL FACT AS SUPPORTED BY COMPETENT AFFIDAVIT EVIDENCE."
 II {¶ 5} "THE TRIAL COURT ERRED WHEN IT RELIED UPON INADMISSABLE HEARSAY IN THE FORM OF THE AUTOPSY REPORT OF DR. PATRICK FARDAL REGARDING THE CAUSE OF DEATH TO ASSIGNMENT OF ERRORS PRESENTED FOR REVIEW."
 III {¶ 6} "THE TRIAL COURT FURTHER ERRED IN FAILING TO GRANT A HEARING AS REQUESTED BY THE PLAINTIFF REGARDING THE DEFENDANT'S REQUEST THAT THE COURT TAKE JUDICIAL NOTICE, PURSUANT TO EVIDENCE RULE 201, OF THE FACTS AND VERDICT AND THE AFFIDAVIT OF STEPHEN BANKO, MD."
 IV {¶ 7} "THE TRIAL COURT ERRED IN FAILING TO VACATE THE SUMMARY JUDGMENT UPON THE FILING OF AN AMENDED AFFIDAVIT FROM DR. PADIVAL, THE PLAINTIFF'S EXPERT WITNESS, CURING THE COURT'S PERCEIVED DEFECTS IN THE INTIAL AFFIDAVIT, AS OUTLINED BY THE COURT IN THE SUMMARY JUDGMENT ENTRY."
 {¶ 8} Pending before this court and the trial court are motions to dismiss and/or strike the complaint for failure of service of process on appellee. Because this is a jurisdictional issue as to personal jurisdiction over appellee, we believe it is an issue we must first address before any discussion on the assignments of error.
 {¶ 9} The facts on this issue are unchallenged. Appellant filed a complaint and served appellee. Appellant voluntarily dismissed this complaint and refiled under the savings statute. As the docket indicates, there were attempts at service, but they failed. See, Notices filed February 25, 2004 and March 1, 2004. Appellant sent a courtesy copy to appellee's counsel. Appellee filed an answer and specifically raised the issue of insufficiency of process. See, Answer filed February 17, 2004, Fifth Affirmative Defense. The remainder of the answer denies the allegations of the complaint.
 {¶ 10} On behalf of appellee, a motion for summary judgment was filed on December 7, 2004. The trial court granted the motion on March 4, 2005. On March 7, 2005, appellee moved to strike the complaint for failure of service and lack of jurisdiction pursuant to Civ.R. 3(A) which states the following:
 {¶ 11} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."
 {¶ 12} The trial court never addressed the motion to strike, as it had already granted the motion for summary judgment in favor of appellee even though the trial court lacked jurisdiction over appellee.
 {¶ 13} We find the issue of personal jurisdiction over appellee has not been resolved. It is the status of the law in Ohio that a defense claiming lack of service of process in an answer does not waive the issue of personal jurisdiction:
 {¶ 14} "Appellant properly raised the issue of sufficiency of service as an affirmative defense in his first responsive pleading. Appellee maintains that this defense is waived, though, if a party proceeds to trial without requesting a pretrial hearing on the motion, pursuant to Civ.R. 12(D).
 {¶ 15} "* * *
 {¶ 16} "The rule does not require a party to request a preliminary hearing on the specified motions, nor does it mandate a waiver of such defenses for failure to do so. It merely allows either party to demand a pretrial determination of certain issues which could be dispositive of the cause. Accordingly, appellant did not waive the defense of insufficiency of service by choosing not to ask for a pretrial hearing." First Bank of Marietta v.Cline (1984), 12 Ohio St.3d 317, 318.
 {¶ 17} Upon review, we conclude the trial court lacked personal jurisdiction over appellee and therefore any judgment entry rendered is void ab initio.
 {¶ 18} We decline to rule on our motion to dismiss and remand the issue to the trial court for hearing on its motion to strike as defenses may exist that would toll the application of Civ.R. 3(A).
 {¶ 19} Accordingly, the appeal is dismissed with a specific remand to the trial court to consider the pending motion to strike and any evidence that might pertain to the issue of personal jurisdiction.
 {¶ 20} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby dismissed and remanded.
Farmer, J., Edwards, J. concurs.
Hoffman, P.J. dissents without opinion.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the appeal is dismissed with a specific remand to the Court of Common Pleas of Richland County, Ohio to consider the pending motion to strike and any evidence that might pertain to the issue of personal jurisdiction.