OPINION
{¶ 1} Plaintiff Lyman Franklin appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which dismissed appellant's complaint because of failure of service of process on defendant Steven Cole Bear. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF/APPELLANT'S CASE FOR A FAILURE OF SERVICE OF PROCESS BECAUSE THE DEFENDANT/APPELLEE ENTERED AN APPEARANCE AND ACTIVELY PARTICIPATED IN THE CASE AND THEREFORE WAIVED ANY AFFIRMATIVE DEFENSE REGARDING SERVICE OF PROCESS OR INSUFFICIENCY OF SERVICE."
 {¶ 3} Appellant's wife Margaret died on October 4, 2000. On that day, decedent was walking her small dog in front of appellee's home when appellee's large dog ran at them. Decedent ran back to her home and called 911. Decedent lost consciousness while waiting for the police to arrive, and was pronounced dead at the hospital.
 {¶ 4} Appellant voluntarily dismissed his first complaint for wrongful death on or about February 4, 2003. Appellant refiled his case on February 4, 2004 and sent a complimentary copy of the refiled complaint to appellee's counsel. Counsel for appellee filed an answer, raising the defense of insufficiency of service of process.
 {¶ 5} Appellee's counsel filed a motion for summary judgment on December 7, 2004, and the court sustained the motion on March 4, 2005. On March 7, 2005, appellee moved to strike the complaint for failure of service and lack of jurisdiction.
 {¶ 6} The trial court did not address the motion to strike because it had already ruled on the merits of the case. Appellant appealed the case to this court in Franklin v. Bear, Richland App. No. 2005CA0021,2005-Ohio-7041.
 {¶ 7} This court found the trial court should have addressed the motion to strike because the issue of personal jurisdiction over appellee had not been resolved. We found the summary judgment was void ab initio. This court found appellee had not waived the defense of lack of service of process, and remanded the matter to the trial court to rule on the motion to dismiss. We found unless appellant could produce evidence to toll the application of Civ. R. 3 (A) the court should dismiss the matter for lack of jurisdiction.
 {¶ 8} On remand, the trial court conducted a hearing wherein appellant offered evidence and argument. Appellant's counsel argued appellee was no longer at his former residence, and despite due diligence, she was unable to find a good address at which to serve him. Appellant argued appellee's actions in avoiding service, coupled with his counsel's appearance and participation in the action by filing an answer, various motions, and requests for discovery, should toll the running of the one year to perfect service required by Civ. R. 3. Appellant's counsel argued appellee's counsel had engaged in settlement negotiations with her, leading her to believe there would not be a problem with service.
 {¶ 9} Appellant conceded there was no evidence appellee had absconded or concealed himself, but stated she had been unable to discover his address by checking court records, telephone records, and the Internet.
 {¶ 10} Appellee argued absconding from the jurisdiction or otherwise evading service was not a defense under Civ. R. 3 (A). Appellee denied misleading appellant on the issue of service of process, and had preserved the defense.
 {¶ 11} In the case of Saunders v. Choi (1984), 12 Ohio St. 3d 247, 466
N.E. 2d 889, the Ohio Supreme Court held the tolling provisions of the saving statues apply to certain statutes of limitations, but cannot be used to extend the one year time limitation for service of process under Civ. R. 3 (A). See also, Spiegel v. Westafer, Union App. No. 14-05-18, paragraph 9, 2005-Ohio-6033; Blount v. Schindler Elevator Corp., Franklin App. No. 02AP-688, 2003-Ohio-2053, paragraph 26.
 {¶ 12} In the prior appeal, this court found appellee's participation in the action did not waive the defense of insufficiency of service of process, and appellant did not appeal our ruling. The issue is res judicata.
 {¶ 13} We find the court did not err in dismissing appellant's complaint. The assignment of error is overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Gwin, P.J., Farmer, J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.