DECISION
{¶ 1} Relator, Akie Benjamin ("relator"), filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("respondent"), to reduce relator's sentence by 69 days of jail-time credit. We referred the matter to a magistrate pursuant to Civ.R. 53 and Loc.R. 12(M). *Page 2 
 {¶ 2} On May 31, 2006, the magistrate issued an order finding that respondent had been served with a copy of the complaint on February 23, 2006, but had not filed an answer or other responsive pleading. The magistrate directed respondent to file an answer or other responsive pleading by no later than June 12, 2006. Respondent filed a motion, pursuant to Civ.R. 12(B)(5), seeking an order dismissing this action for insufficiency of service of process or, in the alternative, an order quashing service of process. The basis for respondent's motion to dismiss was that the address to which the summons and complaint were sent was incorrect as shown on the face of the complaint and on the certified mail return receipt card. On July 24, 2006, the magistrate denied the motion to dismiss without explanation (attached as Appendix A), and respondent filed objections to that order.
 {¶ 3} On October 17, 2006, respondent filed a motion for summary judgment arguing that relator's mandamus action had become moot because respondent had released relator upon expiration of his sentence on August 7, 2006. On October 31, 2006, the magistrate issued a decision granting respondent's motion for summary judgment. No objections have been filed regarding that decision.
 {¶ 4} Although the magistrate's decision granting respondent's motion for summary judgment may appear to moot respondent's motion to dismiss for lack of service of process, we believe it is necessary to address the issue because proper service of the complaint is a prerequisite for personal jurisdiction. See Franklin v. Bear, 5th Dist. No. 2006-CA-49, 2007-Ohio-385 (trial court's grant of summary judgment in favor of appellee void where trial court never gained personal jurisdiction over appellee due to insufficiency of service of process). *Page 3 
 {¶ 5} Courts must presume service is proper in cases where the civil rules are followed unless the presumption is rebutted by sufficient evidence. In re Estate of Popp (1994), 94 Ohio App.3d 640,641 N.E.2d 739. The address identified in the complaint by the party that has filed an action is assumed to be an address where it can be reasonably presumed that the party against whom the action has been filed will receive mail in the absence of any evidence to the contrary. Grant v.Ivy (1980), 69 Ohio App.2d 40, 429 N.E.2d 1188. In addition to compliance with the civil rules, due process requires that service of process be accomplished in a manner reasonably calculated to apprise all interested parties of the action. Bowling v. Grange Mut. Cas. Co., 10th Dist. No. 05AP-51, 2005-Ohio-5924.
 {¶ 6} In this case, the face of relator's petition identifies respondent's address as 5500 Freeway Drive, Columbus, OH 43229. The clerk of courts mailed the summons and petition by certified mail to that address as required by Civ.R. 4.1(A). The record shows that the certified mail return receipt was signed and returned to the clerk of courts. However, the record also shows that, at some point after the return receipt was received by the clerk, the original envelope was returned to the clerk stamped "attempted not known." Respondent attached to its motion to dismiss an affidavit executed by Sara Fry, who is employed by respondent and is responsible for setting up litigation files for cases that have been properly served on respondent. In the affidavit, Fry states that respondent's main business office is located at 1050 Freeway Drive North, Columbus, OH 43229, and that respondent does not have any offices located at 5500 Freeway Drive. The affidavit further states that the office has no record of ever being served with the summons and petition in this case. *Page 4 
 {¶ 7} This evidence was sufficient to rebut the presumption that respondent was properly served with the summons and petition. Since service was not made within one year of the date of filing, relator did not properly commence this action as required by Civ.R. 3, and personal jurisdiction over respondent for purposes of this action was never established.
 {¶ 8} Consequently, we sustain respondent's objections and reject the magistrate's July 24, 2006 order denying respondent's motion to dismiss. Relator's petition for a writ of mandamus is therefore dismissed.
Objection sustained, action dismissed.
 BROWN and TYACK, JJ., concur. *Page 5 APPENDIX A MAGISTRATE'S ORDER
Ohio Attorney General's June 12, 2006 motion to dismiss for insufficiency of service of process or, in the alternative, to quash service of process is denied.
Respondent shall file it answer to the complaint no later than August 22, 2006. *Page 1