[Cite as *Austin v. White Castle Sys., Inc.*, 2013-Ohio-5107.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John W. Austin, Jr., | : | |
| Plaintiff-Appellant, | : | No. 12AP-1029 |
| | | (C.P.C. No. 10CVC-05-8088) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| White Castle Systems, Inc., | : | |
| Defendant-Appellee. | : | |

### D E C I S I O N

**Rendered on November 19, 2013**

*John W. Austin, Jr.*, pro se.

*Earl Warburton Adams & Davis, Thomas L. Davis*, and *Dick M. Warburton, Jr.*, for appellee.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} John W. Austin, Jr., plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted the motion to dismiss filed by White Castle Systems, Inc. ("White Castle"), defendant-appellee.

{¶ 2} On July 31, 2005, appellant allegedly slipped and fell in a restaurant owned by White Castle. Appellant filed a complaint ("first complaint") alleging negligence against White Castle on July 31, 2007 ("first action"). Appellant served the first complaint on White Castle at its district office. White Castle was represented by attorney Dick Warburton in the first action. Appellant voluntarily dismissed the case on May 27, 2009.

{¶ 3} On May 27, 2010, appellant refiled his complaint ("current complaint") against White Castle ("current action"). Appellant served the current complaint upon White Castle at the office address of the attorney who represented White Castle in the first

action, Dick Warburton. White Castle filed an answer, in which it, among other things, raised the defenses of lack of personal jurisdiction and insufficiency of process and/or service of process.

{¶ 4}   On August 17, 2011, White Castle filed a motion for summary judgment and a motion to dismiss. In the motion to dismiss, White Castle argued that appellant failed to serve it with a summons and complaint within one year, as required by Civ.R. 3(A). Appellant countered that White Castle's attorney informed him during the pendency of the first action that he should serve all future pleadings upon Warburton instead of White Castle. On December 7, 2012, the trial court granted White Castle's motion to dismiss and found its motion for summary judgment moot. Appellant, pro se, appeals the trial court's judgment, asserting the following assignments of error:

> [I.] When the trial court refusal that service was accepted and satisfied by agreement de facto by the appellant-plaintiff and the defendant-appellee attorney/agent in Judge John Bender's chambers during a status conference attended by only the three on the morning May 27, 2011. And Staff Attorney Peck was not in attendance. Total ignoring of these facts violating the appellant-plaintiff right to a fair trial violating his State of Ohio and Federal Constitutional rights.
>
> [II.]   The trial court erred in its conduct appellant-plaintiff right to a fair trial violating his Ohio and Federal Constitutional Rights thereof by not illustrating impartiality when it would not acknowledge nor hear any motion filed by Plaintiff-Appellant nor his requests for open court oral hearings throughout the beginning of this case. Allowing this matter to linger until the end of judge's term to leave office.

{¶ 5}   Appellant argues in his first assignment of error that the trial court erred when it dismissed his complaint based upon lack of personal jurisdiction due to his failure to properly serve process upon White Castle. Absent a waiver of service, a party must be served with the summons and complaint pursuant to the methods set forth in Civ.R. 4.1 through 4.6. *King v. Hazra*, 91 Ohio App.3d 534, 536-37 (9th Dist.1993). Proper service of process is an essential component in the acquisition of personal jurisdiction over a party. *Holm v. Smilowitz*, 83 Ohio App.3d 757 (4th Dist.1992).

{¶ 6} Once a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff must prove that the trial court has jurisdiction over the defendant. *Joffe v. Cable Tech, Inc.*, 163 Ohio App.3d 479, 2005-Ohio-4930, ¶ 10 (10th Dist.). If a trial court does not hold an evidentiary hearing before considering the defendant's dismissal motion, the court must view allegations in the pleadings and the documentary evidence in a light most favorable to the plaintiff, resolving all reasonable competing inferences in its favor. *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236 (1994). Moreover, in the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction to withstand the motion to dismiss. *State ex rel. Atty. Gen. v. Grand Tobacco*, 171 Ohio App.3d 551, 2007-Ohio-418, ¶ 13 (10th Dist.). A plaintiff satisfies this burden by presenting sufficient evidence to allow reasonable minds to conclude that the trial court has personal jurisdiction. *Joffe* at ¶ 10. We review a trial court's judgment granting a motion to dismiss for lack of personal jurisdiction de novo. *Information Leasing Corp. v. Jaskot*, 151 Ohio App.3d 546, 2003-Ohio-566, ¶ 9 (1st Dist.).

{¶ 7} Civ.R. 4.2 details who may be served, and provides, in pertinent part:

> Service of process pursuant to Civ.R. 4 through 4.6, except service by publication provided in Civ.R. 4.4(A), shall be made as follows:
>
> * * *
>
> (F) Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ.R. 4.1(A)(1); or by serving an officer or a managing or general agent of the corporation.

{¶ 8} Furthermore, R.C. 2305.17 provides that "[a]n action is commenced * * * by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year." Civ.R. 3(A) similarly provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant."

{¶ 9}   In the present case, appellant alleges that, in a meeting with White Castle's attorney, Warburton, after appellant's filing of his first complaint, Warburton told him that his law firm had authorized legal capacity and authority to act as the agent on behalf of White Castle, and Warburton agreed that his law office would be the proper address for any subsequent notification, mailings, or contact for White Castle.

{¶ 10} However, we agree with the trial court's conclusion that, even assuming arguendo that Warburton made these representations to appellant, the statements related only to pleadings filed in the first action, which appellant voluntarily dismissed. The concepts discussed in this court's decision in *Furney v. Wynn*, 10th Dist. No. 11AP-110, 2011-Ohio-4000, upon which the trial court here relied, are helpful. In *Furney*, we found that "[a] trial court must treat a refiled complaint following a voluntary dismissal as if the first complaint had never been filed." *Id.* at ¶ 13, citing *Kellie Auto Sales, Inc. v. Rahbars & Ritters Ents., L.L.C.*, 172 Ohio App.3d 675, 2007-Ohio-4312, ¶ 32 (10th Dist.), citing *Zimmie v. Zimmie*, 11 Ohio St.3d 94, 95 (1984). We concluded in *Furney* that a plaintiff's service of the first complaint upon the defendant has no bearing on the refiled complaint. *Id.*

{¶ 11} Therefore, applying the holding in *Furney* to the present case, any alleged representations made by White Castle's counsel relating to service of pleadings in the first action had no bearing on the refiled complaint. Outside of these alleged representations made by White Castle's counsel during the pendency of the first action, there is no other evidence that Warburton's legal office serves as an agent authorized by appointment or by law to receive service of process for White Castle pursuant to Civ.R. 4.2(F). There is also no allegation that Warburton made any statements during the current action to suggest to appellant that his law office was an authorized agent for White Castle for purposes of service of process. Accordingly, the trial court properly granted White Castle's motion to dismiss on this basis, and appellant's first assignment of error is overruled.

{¶ 12} Appellant argues in his second assignment of error that the trial court violated his constitutional rights by not demonstrating impartiality when it would not hear any of his motions or his requests for open court oral hearings throughout the case. In his brief, appellant contends that when he discussed the trial court's allegedly taking part in an ex parte conversation with White Castle's counsel on September 15, 2008, the

trial court's staff attorney dismissed his concern because he was pro se, thereby demonstrating the court's prejudice toward him. However, initially, we note that appellant's argument concerns alleged actions and statements that took place during his first action against White Castle; therefore, they are not relevant to the current action. Notwithstanding, " '[p]ursuant to R.C. 2701.03, the Ohio Supreme Court, not the courts of appeals, has authority to determine a claim that a common pleas court judge is biased or prejudiced.' " *Lakhi v. Healthcare Choices & Consultants*, 10th Dist. No. 07AP-904, 2008-Ohio-1378, ¶ 27, quoting *Wardeh v. Altabchi*, 158 Ohio App.3d 325, 2004-Ohio-4423, ¶ 21 (10th Dist.). R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas judge is biased or prejudiced. *Wardeh* at ¶ 21. Apparently, according to appellant, he did file a request for recusal of the trial judge with the Supreme Court based upon this alleged ex parte communication; however, the record is unclear as to whether he filed such during the pendency of the first action or the current action, and we are unable to determine the outcome of that request from the record before us. For these reasons, appellant's second assignment of error is overruled.

{¶ 13} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and CONNOR, JJ., concur.

_____