[Cite as *Clellan v. Lancione*, 2017-Ohio-1460.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Joan K. Clellan et al.,              :

     Plaintiffs-Appellants,       :

                                      No. 16AP-677

v.                                :          (C.P.C. No. 14CV-6181)

Bernard G. Lancione et al.,      :           (REGULAR CALENDAR)

     Defendants-Appellees.      :

D E C I S I O N

Rendered on April 20, 2017

**On brief:** *Joan K. Clellan*, pro se. **Argued:** *Joan K. Clellan*.

**On brief:** *Gallagher Sharp LLP, Timothy T. Brick, Holly M. Olarczuk-Smith*, and *Shane A. Lawson*, for appellees. **Argued:** *Shane A. Lawson*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiffs-appellants, Joan K. Clellan, in her individual capacity and as the executor of the estate of Dorothy Mae Swartz, and John R. Clellan (collectively, "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas granting a motion to dismiss filed by defendant-appellee, Bernard G. Lancione.[1] Because we conclude the trial court did not abuse its discretion, we affirm.

I. Facts and Procedural History

{¶ 2} On October 25, 2012, appellants filed a complaint against Lancione and Bernard G. Lancione Legal Services seeking damages for legal malpractice in preparing a will for Dorothy Mae Swartz. A copy of the complaint was served by certified mail on

---

[1] The complaint that commenced this action also named Bernard G. Lancione Legal Services as a defendant. Lancione asserts this is a non-existent entity incapable of being sued.

Lancione at 3212 High Street, Columbus, Ohio.  Lancione filed a motion to dismiss the complaint, pursuant to Civ.R. 12(B)(6), asserting that appellants lacked standing to pursue legal malpractice claims against him.  On June 17, 2013, the common pleas court granted Lancione's motion to dismiss, concluding that appellants failed to state a claim for which relief could be granted because appellants lacked privity with Swartz that would give them standing to assert a legal malpractice claim against Lancione.  The order granting Lancione's motion to dismiss provided that the complaint was dismissed without prejudice.

{¶ 3}   Appellants filed a second complaint for legal malpractice against Lancione and Bernard G. Lancione Legal Services on June 13, 2014.  Appellants requested service of the complaint on Lancione at 2600 Tiller Lane, Columbus, Ohio, but two attempts at personal service at that address failed. Appellants subsequently filed requests for personal service and certified mail service on Lancione at 1050 Landings Loop, Columbus, Ohio.  A Franklin County Deputy Sheriff filed a return of service indicating that "residential service" was made on "B. Lancione" at 1050 Landings Loop on June 1, 2015.

{¶ 4}   The record does not reflect any further activity in the case until June 6, 2016, when a notice of limited appearance of counsel for Lancione was filed for the purpose of filing a motion to dismiss.  Counsel for Lancione then filed an answer to the complaint, a motion for judgment on the pleadings, and a motion to dismiss the complaint. In his motion to dismiss, Lancione asserted that service was insufficient because he was not served with the summons and complaint.  Lancione further argued that due to insufficient service, the trial court lacked personal jurisdiction.  Lancione's motion to dismiss was supported by affidavits from his wife, Rosemary Lancione, and his daughter-in-law, Britanee Lancione, asserting that Lancione did not reside at 1050 Landings Loop in June 2015.  Appellants filed motions to strike Lancione's answer and motion for judgment on the pleadings, along with responses to the motion to dismiss and motion for judgment on the pleadings.  The trial court granted Lancione's motion to dismiss, concluding that it lacked personal jurisdiction because service was not perfected on Lancione within one year of the filing of the complaint.

## II.  Assignments of Error

{¶ 5}   Appellants appeal and assign the following three errors for our review:

I. TRIAL COURT ABUSED ITS DISCRETION IN GRANTING DEFENDANTS-APPELLEES-BERNARD G. LANCIONE'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER COMMENCEMENT OF THE CASE.

II. TRIAL COURT ABUSED ITS DISCRETION BY SUA SPONTE NOTICING A NON-PARTY AND SOLICITING COUNSEL FOR DEFENDANTS-APPELLEES-BERNARD G. LANCIONE WHICH PARTY WAS IN DEFAULT.

III. TRIAL COURT ABUSED ITS DISCRETION BY DENYING PLAINTIFFS-APPELLANTS-JOAN K. CLELLAN AND JOHN R. CLELLAN'S REQUEST FOR DEFAULT JUDGMENT WHILE GRANTING ORAL LEAVE TO FILE ANSWER AND DISPOSITIVE MOTION TO DEFENDANTS-APPELLEES-BERNARD G. LANCIONE AFTER TRIAL DATE WITHOUT EXCUSABLE NEGLECT AND RECORDATION.

## III. Discussion

{¶ 6} In their first assignment of error, appellants argue the trial court abused its discretion by granting Lancione's motion to dismiss.[2] We review a trial court's dismissal for insufficient service of process for abuse of discretion.[3] *Craig v. Reynolds*, 10th Dist. No. 14AP-125, 2014-Ohio-3254, ¶ 9. An abuse of discretion occurs when a trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7} The civil rules provide that an action is commenced by filing a complaint if service is obtained within one year from the filing of the complaint. Civ.R. 3(A). Civ.R. 4.1 sets forth the methods of service in the state, including certified mail, personal service,

---

[2] We note that Lancione moved to dismiss, pursuant to Civ.R. 12(B)(2) and (5), asserting lack of personal jurisdiction and insufficiency of service of process. The trial court order granting the motion to dismiss recited the standard for a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Civ.R. 12(B)(6). Despite this misstatement, the trial court applied the appropriate standard in its analysis of the motion, concluding that service was not perfected on Lancione and that the court lacked personal jurisdiction because appellants did not obtain service within one year of filing the complaint.

[3] While dismissal for insufficient service is subject to review for abuse of discretion, an order granting a motion to dismiss for lack of personal jurisdiction is subject to de novo review. *Austin v. White Castle Sys.*, 10th Dist. No. 12AP-1029, 2013-Ohio-5107, ¶ 6. In this case, the trial court concluded that it lacked personal jurisdiction over Lancione because appellants failed to obtain service on him within one year of filing the complaint. Thus, the key issue in the case was whether service was perfected on Lancione. Accordingly, our analysis will focus on whether service was sufficient.

and residence service.  When the civil rules are followed there is a presumption of proper service, which may be rebutted with sufficient evidence.  *State ex rel. Benjamin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP-158, 2007-Ohio-2471, ¶ 5; *Rogers v. United Presidential Life Ins. Co.*, 36 Ohio App.3d 126, 128 (10th Dist.1987).  "The determination of whether service of process was sufficient in any particular case rests on the factual evaluation by the court and is within the sound discretion of the court."  *C&W Invest. Co. v. Midwest Vending, Inc.*, 10th Dist. No. 03AP-40, 2003-Ohio-4688, ¶ 13.

{¶ 8}  Appellants initially requested service on Lancione at 2600 Tiller Lane, Columbus, Ohio. Franklin County Deputy Sheriff James Boyd attempted personal service on Lancione at that address on June 18 and 30, 2014. After the second attempt, Deputy Boyd filed a return indicating that service could not be completed because Lancione did not work at that address.  Appellants subsequently filed a request for service on Lancione at 1050 Landings Loop, Columbus, Ohio.  Service was completed at that address on June 1, 2015.  Although appellants requested personal service on Lancione at 1050 Landings Loop, the return of service filed by Franklin County Deputy Sheriff Jayjay Skomra indicates that "*residential* service" was made on "B. Lancione" at that address.[4] Despite this variance in the method of service, appellants' compliance with the Ohio Rules of Civil Procedure regarding service created a rebuttable presumption of proper service.

{¶ 9}  Lancione's motion to dismiss sought to rebut the presumption of service through the affidavits from Rosemary and Britanee.  Rosemary stated that she had been married to and resided with Lancione for more than 39 years.  She stated that in May and June 2015, her son and daughter-in-law resided at 1050 Landings Loop.  Rosemary further attested that neither she nor Lancione resided or operated a business at 1050 Landings Loop.  Similarly, Britanee stated that she was Lancione's daughter-in-law, and that in June 2015, she and her husband lived at 1050 Landings Loop.  Britanee stated that Lancione never resided at 1050 Landings Loop, nor operated a business from that address.  Britanee attested that on or around June 1, 2015, a deputy sheriff served her

---

[4] The record also indicates that appellants requested certified mail service on Lancione at 1050 Landings Loop. Certified mail containing the summons and complaint was issued to 1050 Landings Loop, but the record does not contain a return receipt or any record that the certified mailing was returned as undeliverable or for any other reason.

with documents related to the lawsuit and that, although the documents were left in her possession, Lancione was not present at the time of service.

{¶ 10} The common pleas court concluded that Rosemary's and Britanee's affidavits established that 1050 Landings Loop was Britanee's residence and that Lancione did not reside at that address. Therefore, residence service on Lancione at 1050 Landings Loop was insufficient. The court concluded that it lacked personal jurisdiction over Lancione because appellants failed to properly serve him within one year of filing the complaint. In granting the motion to dismiss, the trial court cited this court's decision in *Erin Capital Mgt., LLC v. Fournier*, 10th Dist. No. 11AP-483, 2012-Ohio-939, which held that service at the residence of the defendant's parents was insufficient.

{¶ 11} The complaint in *Fournier* was served by certified mail at the residence of the defendant's parents and returned unclaimed; pursuant to the civil rules, it was then served by regular mail to the same address. *Id.* at ¶ 17. Compliance with the civil rules created a rebuttable presumption of proper service. *Id.* at ¶ 18. After a default judgment, the defendant moved to vacate, supporting the motion with an affidavit averring that she never resided at her parents' address where the complaint was sent, and an affidavit from her mother stating that she never received the certified or ordinary mail containing the summons and complaint. *Id.* at ¶ 7. This court held that service by regular mail at the residence of the defendant's parents, rather than the defendant's own residence, did not satisfy the requirements of due process because it was not reasonably calculated to apprise the defendant of the action against her. *Id.* at ¶ 24-25. By concluding that trial court lacked personal jurisdiction, the *Fournier* court implicitly concluded that the assertions contained in the affidavits were sufficient to overcome the presumption of service. *See also Benjamin* at ¶ 6-7 (holding that affidavit from employee of respondent stating that respondent did not have offices at the location where the petition for writ of mandamus was served and that respondent had no record of being served with the summons and petition was sufficient to rebut the presumption of service arising from compliance with the civil rules).

{¶ 12} In the present case, Britanee and Rosemary both asserted that Lancione did not reside at 1050 Landings Loop. As explained above, appellants requested personal service on Lancione at 1050 Landings Loop, but the return of service filed by the deputy

sheriff indicated that residence service was completed on "B. Lancione" at that address. Personal service is not required to be made at the residence of the person to be served. *See* Civ.R. 4.1(B) ("When process issued from the Supreme Court, a court of appeals, a court of common pleas, or a county court is to be served personally under this division, the clerk of the court shall deliver the process and sufficient copies of the process and complaint, or other document to be served, to the sheriff of the county in which the party to be served resides *or may be found.* * * * The person serving process *shall locate the person to be served* and shall tender a copy of the process and accompanying documents to the person to be served."). (Emphasis added.) Residence service, by contrast, must be made "at the usual place of the residence of the person to be served." Civ.R. 4.1(C).

{¶ 13} The deputy's notation on the return of service suggests that he did not personally serve Lancione, but rather left the summons and complaint for Lancione at 1050 Landings Loop believing it was his residence. Appellants assert that they had no way of knowing that the "B. Lancione" indicated on the return of service was anyone other than Bernard Lancione. Appellants further argue that the affidavits from Britanee and Rosemary are insufficient to overcome the presumption of service arising from compliance with the civil rules. However, as in *Fournier* and *Benjamin*, appellants have failed to present any evidence to contradict the sworn statements from Britanee and Rosemary asserting that Lancione did not reside at 1050 Landings Loop in June 2015. If Lancione did not reside at 1050 Landings Loop, residence service could not have been perfected on him at that address, and there is no evidence that he was personally served at that address. Under these circumstances, the trial court did not abuse its discretion by determining that service on Lancione was insufficient.[5]

{¶ 14} Accordingly, we overrule appellants' first assignment of error.

{¶ 15} In their second assignment of error, appellants argue the trial court abused its discretion by allegedly sua sponte notifying Lancione's insurance carrier of the pending action. Appellants claim in their third assignment of error that the trial court abused its discretion by denying their request for default judgment and by granting leave to

---

[5] The trial court did not conduct an evidentiary hearing on the motion to dismiss in this case. Generally, "a trial court has broad discretion in deciding whether to conduct an evidentiary hearing on a motion before it." *Carter v. St. Ann's Hosp.*, 10th Dist. No. 11AP-715, 2012-Ohio-1662, ¶ 20. It appears that appellants actively opposed a hearing, arguing in their memorandum in opposition to the motion to dismiss that a hearing on the issue of service would be improper.

Lancione to file an answer and dispositive motion without showing excusable neglect. We will address appellants' second and third assignments of error together. Appellants assert that at a status conference on June 8, 2016, the trial court denied their motion for leave to file for default judgment so that the court could notify Lancione's insurance company, which was known to the court based on a prior matter. Appellants claim that the trial court notified Lancione's insurance company, which resulted in an appearance by counsel for Lancione. Appellants further assert that the trial court orally granted leave to Lancione's counsel to file dispositive motions and an answer at a status conference on June 13, 2016.

{¶ 16} The record in this case reflects that counsel for Lancione filed a notice of limited appearance on June 8, 2016. Lancione's counsel subsequently filed an answer to the complaint, motion for judgment on the pleadings, and motion to dismiss on July 13, 2016. While the dates of these filings are consistent with the timeline set forth in appellants' brief, there is nothing in the record to establish that the common pleas court sua sponte notified Lancione's insurance company of the pending proceedings. Further, there is nothing in the record to establish that appellants moved for leave to file for default judgment or that the trial court denied any request for leave to do so.

{¶ 17} "[A] trial court's proceedings are presumed regular unless the record demonstrates otherwise." *State v. Phillips*, 74 Ohio St.3d 72, 92 (1995). *See also id.* ("This court cannot assume that the trial court provided any supplemental instructions, much less that they were given in appellant's absence, unless the record affirmatively indicates that to be true."); *State v. Grant*, 67 Ohio St.3d 465, 483 (1993) ("[I]n an appeal, all reasonable presumptions consistent with the record will be indulged in * * * favor of the regularity of the proceedings below."); *Stanley v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 12AP-999, 2013-Ohio-5140, ¶ 50 ("[A] reviewing court presumes regularity of the proceedings below where the record does not affirmatively demonstrate error."). Absent any transcript, entry, order, or other item in the record to support the alleged abuses of discretion asserted in appellants' second and third assignments of error, we must presume regularity in the common pleas court's proceedings.

{¶ 18} Accordingly, we overrule appellants' second and third assignments of error.

## IV. Conclusion

{¶ 19} For the foregoing reasons, we overrule appellants' three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.

————————————