[Cite as *Minkin v. Ohio State Home Servs., Inc.*, 2016-Ohio-5804.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Rebecca Minkin et al., | : | |
| Plaintiffs-Appellees, | : | |
| v. | : | No. 16AP-178 |
| | | (C.P.C. No. 13CV-6925) |
| Ohio State Home Services, Inc., | : | |
| d.b.a. Everdry Waterproofing of Columbus, | | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant. | | |
| | : | |

D E C I S I O N

Rendered on September 13, 2016

**On brief:** *David A. Goldstein Co., LPA,* and *David A. Goldstein*, for appellees. **Argued:** *David A. Goldstein.*

**On brief:** *Michael C. DeJohn*, for appellant. **Argued:** *Michael C. DeJohn.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Ohio State Home Services, Inc. ("OSHS"), appeals from a judgment of the Franklin County Court of Common Pleas denying its motion to vacate pursuant to Civ.R. 60(B). For the following reasons, we affirm.

## I. Background Facts and Procedural History

{¶ 2} In June 2013, plaintiffs-appellees, Rebecca and Matthew Minkin filed suit against OSHS asserting various claims arising from a waterproofing contract entered between the Minkins and OSHS, d.b.a. Everdry Waterproofing of Columbus, concerning the Minkins' residence. OSHS did not file an answer or responsive pleading to the complaint, and in September 2013 the Minkins moved for default judgment. In October

2013, the trial court granted the Minkins' motion for default judgment and referred the matter to a magistrate for a damages hearing. Based on the evidence presented at the damages hearing, the magistrate concluded that the Minkins were entitled to damages against OSHS in the amount of $55,814.00, and attorney fees in the amount of $3,087.96. In February 2014, the trial court adopted the magistrate's decision and entered judgment in favor of the Minkins in the amount of $58,901.96. On March 7, 2014, the Minkins initiated garnishment proceedings, and the trial court scheduled a hearing on the matter. Two weeks later, OSHS's counsel entered an appearance, and OSHS moved to continue the garnishment hearing. The trial court granted the request and rescheduled the garnishment hearing.

{¶ 3} In April 2014, OSHS moved to vacate the default judgment pursuant to Civ.R. 60(B). The trial court referred OSHS's motion for relief from judgment to a magistrate for an evidentiary hearing, which the magistrate held in October 2015. In December 2015, the magistrate recommended that the trial court deny OSHS's motion for relief from judgment. OSHS filed objections to the magistrate's decision. In March 2016, the trial court overruled OSHS's objections and adopted the magistrate's decision.

{¶ 4} OSHS timely appeals.

## II. Assignments of Error

{¶ 5} OSHS assigns the following errors for our review:

[1.] Appellant's motion to vacate was denied in error because appellant established that default was obtained due to excusable neglect on the part of the appellant.

[2.] Appellant's motion to vacate was denied in error because appellant established that the default judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

[3.] The lower court erred in not dismissing the action because it lacked subject-matter jurisdiction over the claims.

## III.  Applicable Law and Standard of Review

{¶ 6}   To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test.  The movant must demonstrate (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken.  *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  There will be no relief if the movant fails to satisfy any one of the prongs of the *GTE* test.  *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶ 7}   An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for an abuse of discretion.  *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 7; *Oberkonz v. Gosha*, 10th Dist. No. 02AP-237, 2002-Ohio-5572, ¶ 12.  An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  However, insofar as OSHS alleges that the trial court should have dismissed the matter for lack of subject-matter jurisdiction, that issue is a question of law and is thus reviewed de novo.  *Turner v. Ohio Dept. of Rehab. & Corr.*, 180 Ohio App.3d 86, 2008-Ohio-6608, ¶ 9 (10th Dist.).

## IV.  Discussion

### A.  First Assignment of Error – Civ.R. 60(B)(1)

{¶ 8}   In its first assignment of error, OSHS asserts that the trial court erred in not finding that it established excusable neglect under Civ.R. 60(B)(1).  This assignment of error lacks merit.

{¶ 9}   Civ.R. 60(B)(1) provides that "excusable neglect" is a basis for relief from judgment.  The Supreme Court of Ohio has defined "excusable neglect" in the negative, stating "that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' "  *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996) quoting *GTE* at 153.  A court must consider all the individual facts and circumstances of a case when determining whether a moving party's inaction constitutes

excusable neglect. *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980). "[T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' " *Colley* at 248, citing *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12 (1978), quoting 11 Wright & Miller, Federal Practice & Procedure 140, Section 2851.

{¶ 10} Here, the facts support the trial court's determination that OSHS failed to demonstrate excusable neglect. OSHS does not challenge service of process, or that it received timely notices as the case progressed in the trial court. OSHS argues that its Columbus manager believed that the dispute with the Minkins was fully resolved in early 2013 when the Minkins negotiated a $4,000 check from OSHS. The trial court viewed this belief with skepticism based on its review of the evidence. However, even if OSHS's management believed the dispute was fully resolved before the Minkins filed their lawsuit, that belief did not excuse them from responding to the lawsuit. *See Hicks v. Walcher*, 6th Dist. No. H-05-017, 2006-Ohio-3382, ¶ 10 (belief that a complaint asserts meritless claims is not an excusable basis to fail to appear and defend). Thus, the trial court reasonably determined that OSHS's inaction in response to the lawsuit was a complete disregard for the judicial system and not excusable neglect.

{¶ 11} Because the trial court did not abuse its discretion in finding no excusable neglect, we overrule OSHS's first assignment of error.

### B. Second Assignment of Error – Civ.R. 60(B)(4)

{¶ 12} OSHS's second assignment of error alleges that the trial court erred in not finding it is entitled to relief under Civ.R. 60(B)(4). OSHS argues that Civ.R. 60(B)(4) applies because it negotiated and reached a settlement with the Minkins as evidenced by the Minkins negotiating the $4,000 check. We disagree.

{¶ 13} Civ.R. 60(B)(4) permits a trial court to grant relief from judgment if "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Requested relief under Civ.R. 60(B)(4) must be based on events occurring subsequent to the entry of the judgment in question;

therefore, events occurring prior to judgment cannot be relied upon as grounds to vacate the judgment pursuant to Civ.R. 60(B)(4). *Timmons v. Emch*, 10th Dist. No. 14AP-146, 2014-Ohio-3400, ¶ 14, citing *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 52-53 (9th Dist.1991); *Beam Ray, LLC v. Barclay*, 10th Dist. No. 06AP-507, 2007-Ohio-3215, ¶ 10.

{¶ 14} Here, OSHS argued that the parties reached a settlement before the Minkins initiated their lawsuit. Thus, OSHS relied on alleged events occurring prior to the judgment as a basis to vacate the judgment under Civ.R. 60(B)(4). Because OSHS failed to demonstrate, or even allege, that events occurring after the judgment warranted relief from that judgment under Civ.R. 60(B)(4), the trial court did not err in finding that OSHS failed to establish its entitlement to relief under Civ.R. 60(B)(4). Accordingly, we overrule its second assignment of error.

### C. Third Assignment of Error – Arbitration and Subject-Matter Jurisdiction

{¶ 15} In its third assignment of error, OSHS asserts that the trial court erred in not dismissing the action for lack of subject-matter jurisdiction. OSHS argues that, because its contract with the Minkins contained a mandatory arbitration clause, the trial court should have dismissed the action for lack of subject-matter jurisdiction. This argument is unpersuasive.

{¶ 16} Ohio law strongly favors arbitration. *See, e.g.*, *Pearson v. ManorCare Health Servs.*, 11th Dist. No. 2014-L-047, 2015-Ohio-5460, ¶ 25 ("The strong public policy favoring arbitration has also been declared by the Ohio General Assembly through enactment of the Ohio Arbitration Act, R.C. 2711.01 et seq."). Pursuant to R.C. 2711.02(B), if any issue in an action is referable to arbitration under a written agreement, the court in which the action is pending must, upon a party's application, stay the trial of the action until the issue has been arbitrated. The existence of a mandatory arbitration provision in a contractual dispute does not, however, divest the trial court of jurisdiction. *See Taylor Winfield Corp. v. Winner Steel, Inc.*, 7th Dist. No. 05 MA 191, 2006-Ohio-4608, ¶ 14 ("[t]he fact that the dispute may be subject to arbitration does not divest the trial court of [subject-matter] jurisdiction").

{¶ 17} Unlike subject-matter jurisdiction, which can be raised at any time, the right to arbitrate may be waived. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75

(1998); *Murtha v. Ravines of McNaughton Condo. Assn.*, 10th Dist. No. 09AP-709, 2010-Ohio-1325, ¶ 20. "A party asserting waiver must prove that the waiving party knew of the existing right to arbitrate and, based on the totality of the circumstances, acted inconsistently with that known right." *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. No. 10AP-353, 2011-Ohio-80, ¶ 21. A defendant can "save" its right to arbitrate pursuant to a written agreement by filing an application to stay legal proceedings pending arbitration pursuant to R.C. 2711.02. *Mills v. Jaguar-Cleveland Motors, Inc.*, 69 Ohio App.2d 111, 113 (1980). "Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver." *Id.*

{¶ 18} In this case, the trial court determined that, even assuming the existence of an arbitration clause in the contract between the parties, OSHS waived any right to arbitrate. We agree. As outlined above, OSHS took no steps to respond to the claims against it in this litigation until the Minkins initiated garnishment proceedings. Not only did OSHS not move for a stay pursuant to R.C. 2711.02, it first raised the issue of arbitration in a motion to supplement after its motion for relief from judgment had been fully briefed. Thus, insofar as the contract between the parties contained an arbitration provision, OSHS waived any right to arbitrate by not timely seeking to enforce that right. Considering these facts, the trial court did not err in rejecting OSHS's arbitration argument. Accordingly, we overrule OSHS's third assignment of error.

## V. Disposition

{¶ 19} Having overruled OSHS's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and BRUNNER, J., concur.