[Cite as *Belisle Constr., Inc. v. Perry*, 2022-Ohio-239.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

BELISLE CONSTRUCTION INC.,

    PLAINTIFF-APPELLEE,                    CASE NO. 3-17-11

    v.

KENNETH PERRY DBA PERRY'S
HEATING & COOLING,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 14 CV 298

Judgment Affirmed

Date of Decision: January 31, 2022

APPEARANCES:

    *David T. Ball* for Appellant

    *Mark F. Powell* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Kenneth Perry, d.b.a., Perry's Heating & Cooling ("Perry"), appeals the September 5, 2017 judgment of the Crawford County Court of Common Pleas denying Perry's Civ.R. 60(B) motion for relief from the trial court's default judgment in favor of plaintiff-appellee, Belisle Construction, Inc. ("Belisle"). For the reasons that follow, we affirm.

{¶2} On September 29, 2014, Belisle filed a complaint alleging claims for breach of contract, fraud, trespass to chattels, and theft. (Doc. No. 1). Because Perry did not file an answer to the complaint, Belisle filed a motion for default judgment on December 26, 2014. (Doc. No. 4). The trial court granted Belisle's motion for default judgment on January 21, 2015. (Doc. No. 6).

{¶3} On February 23, 2017, Perry field a motion for relief from judgment under Civ.R. 60(B)(5) requesting that the trial court vacate the default judgment for the reason that the trial court was without jurisdiction to enter judgment against him. (Doc. No. 40). On March 10, 2017, Belisle filed a memorandum in opposition to Perry's motion for relief from judgment. (Doc. No. 41). Perry filed a reply to Belisle's memorandum in opposition to Perry's motion for relief from judgment on March 17, 2017. (Doc. No. 42).

{¶4} Following a hearing on May 9, 2017, the trial court denied Perry's Civ.R. 60(B) motion for relief from judgment on September 5, 2017. (Doc. No. 59).

{¶5} Perry filed his notice of appeal on October 3, 2017. (Doc. No. 71). Because Perry filed a petition in bankruptcy, this court stayed this appeal until Perry's petition in bankruptcy was dismissed. Perry raises two assignments of error for our review, which we will discuss together.

## Assignment of Error No. I

**The trial court erred by refusing to vacate a judgment in a matter that must be resolved by arbitration.**

## Assignment of Error No. II

**The trial court erred by denying Defendant's motion to vacate Judgment.**

{¶6} In his assignments of error, Perry argues that the trial court abused its discretion by denying his motion to vacate the trial court's default judgment—filed under Civ.R. 60(B)—on the basis that the trial court lacked (subject-matter and personal) jurisdiction to enter judgement against him. In particular, Perry contends that the trial court lacked subject-matter jurisdiction because "this matter is subject to binding arbitration" and Perry contends that the trial court lacked personal jurisdiction over him since he "was never served with the summons and complaint * * * ." (Appellant's Brief at 5-6).

*Standard of Review*

{¶7} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed

-3-

on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion constitutes more than an error of judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Analysis*

{¶8} Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶9} In order to prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE*

*Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Bish Constr., Inc. v. Wickham*, 3d Dist. Seneca No. 13-12-16, 2013-Ohio-421, ¶ 15, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶10} As an initial matter, we must note that Perry filed his motion to vacate the trial court's default judgment under Civ.R. 60(B)(5). However, Perry alleged in his Civ.R. 60(B) motion that the trial court erred by entering judgment against him because it lacked subject-matter jurisdiction and personal jurisdiction over him. It is generally accepted that judgment rendered by a court lacking subject-matter jurisdiction or personal jurisdiction is void. *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus; *TCC Mgt., Inc. v. Clapp*, 10th Dist. Franklin No. 05AP-42, 2005-Ohio-4357, ¶ 9. Consequently, Perry alleges that the trial court's entry granting default judgment in favor of Belisle is void.

{¶11} "The authority to vacate a void judgment is *not* derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts." (Emphasis added.) *Patton* at paragraph four of the syllabus. Thus, because a trial court has the inherent authority to vacate a void judgment, when a party claims that the trial court lacks subject-matter and personal jurisdiction, that party "is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R.

60(B)." *C & W Inv. Co. v. Midwest Vending, Inc.*, 10th Dist. Franklin No. 03AP-40, 2003-Ohio-4688, ¶ 7. Therefore, "[a] party should *not* file a Civ.R. 60(B) motion for relief from judgment in order to have a void judgment vacated or set aside, since Civ.R. 60(B) motions apply only to judgments that are voidable rather than void." (Emphasis added.) *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 18. *See also C & W Inv. Co.* at ¶ 7 ("Thus, in the present case, the appropriate recourse for appellees to challenge the void judgment was to file a common law motion to vacate.").

{¶12} "Nevertheless, where a party attempts to vacate a void judgment through a Civ.R. 60(B) motion, courts treat the motion as a common law motion to vacate or set aside the judgment, finding that it is 'not significant' that the motion has been styled as a Civ.R. 60(B) motion." *In re S.A.*, 2d Dist. Montgomery No. 25532, 2013-Ohio-3047, ¶ 34, citing *CompuServe, Inc. v. Trionfo*, 91 Ohio App.3d 157, 161 (10th Dist.1993), citing *U.S. Sprint Communications Co. v. Mr. K's Foods, Inc.*, 10th Dist. Franklin No. 90AP-629, 1990 WL 250516, *2 (Dec. 31, 1990). "Particularly, the movant need not set forth a meritorious defense or demonstrate the timeliness of her motion." *TCC Mgt., Inc.* at ¶ 10.

{¶13} Generally, "[a] trial court's decision regarding a motion to vacate a judgment will not be overturned on appeal absent an abuse of discretion." *Id.* at ¶ 9, citing *C & W Invest. Co.* at ¶ 7. As we previously stated, an abuse of discretion

implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore*, 5 Ohio St.3d at 219.

{¶14} In this case, the trial court did not abuse its discretion by denying Perry's motion to vacate the entry granting default judgment in favor of Belisle because the trial court neither lacked subject-matter jurisdiction nor personal jurisdiction over Perry.

{¶15} Under his first assignment of error, Perry contends that he is entitled to relief from judgment because Belisle's claims are subject to arbitration under R.C. 2711.02. In other words, Perry contends that the trial court's entry granting default judgment in favor of Belisle is void because the trial court was without subject-matter jurisdiction to decide the case since Belisle's claims are subject to arbitration. Perry's argument is without merit.

{¶16} "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19. "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Id.*

{¶17} "We review the issue of subject-matter jurisdiction de novo." *Klosterman v. Turnkey-Ohio, L.L.C.*, 182 Ohio App.3d 515, 2009-Ohio-2508, ¶ 19 (10th Dist.). *See also DeChellis v. Estate of DeChellis*, 5th Dist. Stark No.

2020CA00025, 2020-Ohio-5111, ¶ 9. "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.).

{¶18} Under "R.C. 2711.02(B), if any issue in an action is referable to arbitration under a written agreement, the court in which the action is pending must, upon a party's *application*, stay the trial of the action until the issue has been arbitrated." (Emphasis added.) *Minkin v. Ohio State Home Servs., Inc.*, 10th Dist. Franklin No. 16AP-178, 2016-Ohio-5804, ¶ 16. "The existence of a mandatory arbitration provision in a contractual dispute does not, however, divest the trial court of jurisdiction." *Id.*

{¶19} "Unlike subject-matter jurisdiction, which can be raised at any time, the right to arbitrate may be waived." *Id.* at ¶ 17. *See also Murtha v. Ravines of McNaughton Condominium Assn.*, 10th Dist. Franklin No. 09AP-709, 2010-Ohio-1325, ¶ 20. ("Like any other contractual right, the right to arbitrate may be waived."). "A defendant can "save" [his or her] right to arbitrate pursuant to a written agreement by filing an application to stay legal proceedings pending arbitration pursuant to R.C. 2711.02." *Minkin* at ¶ 17, citing *Mills v. Jaguar-Cleveland Motors, Inc.*, 69 Ohio App.2d 111, 113 (8th Dist.1980). "Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's

waiver." *Id.*, quoting *Mills* at 113. *See also Marks v. Swartz*, 174 Ohio App.3d 450, 2007-Ohio-6009, ¶ 19 (11th Dist.).

{¶20} Here, Perry waived any right to arbitrate (even assuming the existence of an arbitration clause in the contract between the parties). Specifically, Perry took *no* steps to respond to the claims brought against him in this case for more than two years *and* sat on his rights for more than one year after he became aware of the case when Belisle sought garnishment. *See Minkin* at ¶ 18. Morever, Perry did not move for a stay under R.C. 2711.02 when he sought to take action in the case; rather, he simply raised the issue of arbitration in his motion for relief from judgment. *Compare id.* ("Not only did OSHS not move for a stay pursuant to R.C. 2711.02, it first raised the issue of arbitration in a motion to supplement after its motion for relief from judgment had been fully briefed."). Consequently, Perry's argument that Belisle's claims are subject to arbitration under R.C. 2711.02 did not divest the trial court of subject-matter jurisdiction or render the trial court's entry granting judgment by default in favor of Belisle void.

{¶21} Furthermore, under his second assignment of error, Perry contends that he should be granted relief from judgment because Belisle failed to properly serve him with the summons and complaint in this case. "'"It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant."'" *Britton v. Britton*, 4th Dist. Washington No. 18CA10, 2019-

Ohio-2179, ¶ 12, quoting *State ex rel. Doe v. Capper*, 132 Ohio St.3d 365, 2012-Ohio-2686, ¶ 13, quoting *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). "'"It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void."'" *Id.*, quoting *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 183 (1990), quoting *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64 (1956).

**{¶22}** "'An appellate court reviews a trial court's determination of whether personal jurisdiction over a party exists under a de novo standard of review.'" *Id.* at ¶ 13, quoting *State ex rel. Athens Cty. Dept. of Job & Family Servs. v. Martin*, 4th Dist. Athens No. 07CA11, 2008-Ohio-1849, ¶ 13. "However, '[a] reviewing court will not disturb a trial court's finding regarding whether service was proper unless the trial court abused its discretion.'" *Id.*, quoting *Beaver v. Beaver*, 4th Dist. Pickaway No. 18CA5, 2018-Ohio-4460, ¶ 8. Again, for this court to conclude that the trial court abused its discretion, we must find that it acted unreasonably, arbitrarily, or unconscionably. *Blakemore*, 5 Ohio St.3d at 219.

**{¶23}** "'The plaintiff bears the burden of obtaining proper service on a defendant.'" *Id.* at ¶ 14, quoting *Beaver* at ¶ 9. A rebuttable presumption "'of proper service arises when the record reflects that a party has followed the Civil Rules pertaining to service of process.'" *Bader v. Ferri*, 3d Dist. Allen No. 1-13-

01, 2013-Ohio-3074, ¶ 20, quoting *Poorman v. Ohio Adult Parole Auth.*, 4th Dist. Pickaway No. 01CA16, 2002 WL 398721, *2 (Mar. 6, 2002), citing *Potter v. Troy*, 78 Ohio App.3d 372, 377 (2d Dist.1992).

**{¶24}** "To rebut the presumption of proper service, '"the other party must produce evidentiary-quality information demonstrating that he or she did not receive service."'" *Britton* at ¶ 15, quoting *Hendrickson* at ¶ 32, quoting *McWilliams v. Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390 and 98423, 2013-Ohio-29, ¶ 51. "'In general, "[i]n determining whether a defendant has sufficiently rebutted the presumption of valid service, a trial court may assess the credibility and competency of the submitted evidence demonstrating non-service."'" *Id.*, quoting *Boggs v. Denmead*, 10th Dist. Franklin No. 17AP-199, 2018-Ohio-2408, ¶ 31, quoting *Bowling v. Grange Mut. Cas. Co.*, 10th Dist. Franklin No. 05AP-51, 2005-Ohio-5924, ¶ 33, and citing *Lauver v. Ohio Valley Selective Harvesting, LLC*, 12th Dist. Clermont No. CA2016-11-076, 2017-Ohio-5777, ¶ 18. "'A trial court is not required to give preclusive effect to a movant's sworn statement that [the movant] did not receive service of process when the record contains no other indication that service was ineffectual.'" *Britton* at ¶ 15, quoting *TCC Mgt., Inc.*, 2005-Ohio-4357, at ¶ 15.

**{¶25}** "Civ.R. 4.1 outlines the methods for obtaining service of process within this state, including service via certified mail." *TCC Mgt., Inc.* at ¶ 11. Under

"Civ.R. 4.1(A), service of process via certified mail is evidenced by a return receipt signed by any person." *Id.* *See also* Civ.R. 4.6. "Civ.R. 4.1(A) does not require that delivery is restricted to the defendant or to a person authorized to receive service of process on the defendant's behalf." *TCC Mgt., Inc.* at ¶ 11. *See also CUC Properties VI, LLC v. Smartlink Ventures, Inc.*, 1st Dist. Hamilton No. C-210003, 2021-Ohio-3428, ¶ 9 ("The "any person" language in Civ.R. 4.1 is not limited to the defendant or its agents, but is a flexible concept construed broadly."). "When service is attempted by certified mail, a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee." *TCC Mgt., Inc.* at ¶ 11, citing *New Co-Operative Co. v. Liquor Control Comm.*, 10th Dist. Franklin No. 01AP–1124, 2002–Ohio–2244, ¶ 8. "Valid service of process is presumed when any person at the defendant's address received the certified mail envelope, whether or not the recipient is the defendant's agent." *Id.*, citing *New Co-Operative Co.* at ¶ 8.

{¶26} Here, the trial court concluded that Perry "was unable to rebut the presumption of good service" because "the parties both agreed that [Perry's] address was in fact 9438 Harrisburg Pike/State Route 62, Orient, OH [and that] Certified Mail receipt is signed with a date of 10/2/14." (Doc. No. 59). Based on our review of the record, we conclude that the trial court's conclusion that service was proper in this case is not unreasonable, arbitrary, or unconscionable. Specifically, the

record reflects that the complaint and summons were sent to Perry at "9438 Harrisburg Pike" in Orient, Ohio by certified mail and that a signed certified-mail receipt was returned to the sender. (Doc. No. 3). Moreover, Perry testified he resides at 9438 on "Route 62" in Orient, Ohio and that he has resided at that address for 17 years. (May 9, 2017 Tr. at 5-6). Consequently, the record reflects a presumption that Perry was validly served. *See TCC Mgt., Inc.* at ¶ 12.

{¶27} Nevertheless, Perry contends that he was not properly served and that the trial court abused its discretion by failing to vacate its entry granting default judgment in favor of Belisle based on "the undisputed evidence [that] shows that [he] was never served with the summons and complaint * * * ." (Appellant's Brief at 6). However, the evidence that Perry alleges rebuts the presumption of proper service includes affidavits from Perry and his ex-wife averring that neither's signature appears on the signed certified-mail receipt as well as Perry's self-serving testimony from the May 9, 2017 hearing. (*See* Doc. No. 40); (May 9, 2017 Tr. at 14-16). Specifically, as evidence that he was not served the summons and complaint, Perry avers in his affidavit (and he testified at the hearing) that the signature on the certified-mail receipt is either a forgery of his signature or is illegible. (Doc. No. 40); (May 9, 2017 Tr. at 19).

{¶28} On cross-examination (and on the court's examination), Perry further testified that he did not receive any document sent by the trial court by regular mail

to his address. (May 9, 2017 Tr. at 28, 37). (*See, e.g.*, Doc. Nos. 4, 5, 7, 22, 23). Perry also denied that he refused subsequent certified mail from the trial court notwithstanding evidence in the record to the contrary. (May 9, 2017 Tr. at 28). (*See, e.g.*, Doc. Nos. 11, 19). Perry hypothesized that his ex-wife threw any mail away "if it wasn't a check * * * ." (May 9, 2017 Tr. at 37). Moreover, Belisle presented Plaintiff's Exhibits 1 and 2 as copies of documents reflecting Perry's signature and requested Perry to compare his signature reflected in those exhibits to the signature reflected on the certified-mail receipt. (*Id.* at 31-36). Nevertheless, Perry denied that the signature on the certified-mail receipt was his signature. (*Id.* at 36). (*See also id.* at 39).

{¶29} The trial court was not required to give preclusive effect to Perry's self-serving statements. *Chuang Dev. LLC v. Raina*, 10th Dist. Franklin No. 15AP-1062, 2017-Ohio-3000, ¶ 49 ("The trial court, however, was not required to give preclusive effect to Raina's affidavit."). *See also Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897, ¶ 27 ("Here, it is apparent the court simply did not believe Appellant's testimony."). Based on the evidence before the trial court, we cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably by concluding that Perry did not present sufficient evidence to rebut the presumption of proper service. Accordingly, we conclude that the trial court

had personal jurisdiction over Perry and its entry granting default judgment in favor of Belisle is not void.

{¶30} For these reasons, we conclude that the trial court did not abuse its discretion by denying Perry's motion to vacate its default judgment in favor of Belisle.

{¶31} Perry's assignments of error are overruled.

{¶32} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and SHAW, J.J., concur.**

**/jlr**