[Cite as *Sullivan v. N. Eighteenth St. Energy Efficient Homeownership Project Ltd. Partnership*, 2022-Ohio-1472.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Cheryl Brooks Sullivan,
Franklin County Treasurer,           :

                                     :
        Plaintiff-Appellee,
                                     :
                                              No. 21AP-367
v.                                   :        (C.P.C. No. 19CV-391)

North Eighteenth Street Energy                (REGULAR CALENDAR)
Efficient Homeownership Project      :
Limited Partnership et al.,
                                     :
        Defendants-Appellants,
                                     :
[The Neighborhood House, Inc.,
                                     :
        Defendant-Appellee].


D E C I S I O N

Rendered on May 3, 2022


**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Martin O. Ginnan*, for appellee Franklin County Treasurer. **Argued:** *Martin O. Ginnan*.

**On brief:** *Moses Law Office*, and *Ambrose Moses III*, for appellant. **Argued:** *Ambrose Moses III*.

**On brief:** *Thelma Thomas Price*, for appellee The Neighborhood House. **Argued:** *Thelma Thomas Price*.


APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} The Franklin County Court of Common Pleas denied a motion to vacate a default judgment issued against North Eighteenth Street Energy Efficient Homeownership

Project Limited Partnership ("North Eighteenth"). For the following reasons, we reverse and remand.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Plaintiff-appellee, Franklin County Treasurer ("Treasurer"), filed a foreclosure complaint against North Eighteenth on January 15, 2019, seeking delinquent land taxes, assessments, and penalties related to two parcels of land owned by North Eighteenth. Service of the complaint on North Eighteenth was attempted by certified mail at three addresses in Columbus, Ohio: 969 Mount Vernon Avenue, 273 Mount Vernon Avenue, and 240 North Champion Avenue, Suite 115. Certified mail service at each of those addresses failed and was returned unclaimed and unable to forward. Service of the complaint was then issued by ordinary mail to 969 Mount Vernon Avenue. The ordinary mail service was not returned.

{¶ 3} The Treasurer moved for default judgment on June 4, 2019, alleging North Eighteenth failed to answer, plead, or otherwise defend the foreclosure complaint. The common pleas court granted the motion for default judgment on July 18, 2019. An order of sale was issued on October 2, 2019, directing the Franklin County Sheriff to sell the two parcels that were the subject of the default judgment. The sale of the parcels was completed on November 22, 2019; the parcels sold for a total price of $61,000.00. The common pleas court issued an entry confirming the sale on January 12, 2020 and ordered the distribution of the sale proceeds. After payment of the taxes owed, costs of the foreclosure action, and sheriff's fees, a balance of $56,648.34 remained to be held by the Franklin County Clerk of Courts.

{¶ 4} On August 14, 2020, Attorney Thelma Thomas Price filed a notice of appearance in the common pleas court, asserting she represented North Eighteenth. Attorney Price subsequently filed a notice of appearance indicating she also represented The Neighborhood House, Inc. ("NHI"), which she asserted "is or was the Limited Partner in the partnership, the North Eighteenth Street Energy Efficient Homeownership Project Limited Partnership." (Oct. 23, 2020 Notice of Appearance.) For purposes of clarity, we will refer to the entities represented by Attorney Price as "North Eighteenth/NHI." North Eighteenth/NHI moved for a supplemental order of distribution of the funds remaining

from the sheriff's sale of the parcels, requesting that the excess proceeds be distributed to North Eighteenth/NHI.

{¶ 5} On October 9, 2020, Attorney Ambrose Moses filed a notice of appearance asserting he represented North Eighteenth and its general partner, Neighborhood House Community Housing Development Organization, Inc., now known as East Columbus Development Company ("ECDC"). We will refer to the entities represented by Attorney Moses as "North Eighteenth/ECDC." On February 15, 2021, North Eighteenth/ECDC filed a demand for payment of the excess funds remaining from the sheriff's sale. Then, on May 6, 2021, North Eighteenth/ECDC moved to vacate the default judgment order. North Eighteenth/ECDC supported its motion with two affidavits from Rosita Booker, averring that she was the executive director of ECDC and that North Eighteenth/ECDC never received service of the foreclosure complaint.

{¶ 6} The Treasurer opposed the motion to vacate, asserting North Eighteenth had been properly served by ordinary mail. North Eighteenth/NHI also filed a response to the motion to vacate, asserting the court should not consider the motion to vacate but instead conduct a hearing to identify which party was the proper representative of North Eighteenth.

{¶ 7} The common pleas court denied the motion to vacate without conducting a hearing. The court concluded there was a rebuttable presumption of proper service on North Eighteenth because service by ordinary mail sent to the 969 Mount Vernon Avenue address was not returned as undeliverable. The court was unpersuaded by North Eighteenth/ECDC's claim that it did not actually receive service of the complaint.

{¶ 8} North Eighteenth/ECDC timely appealed the common pleas court's judgment.

## II. ASSIGNMENT OF ERROR

{¶ 9} North Eighteenth/ECDC assigns the following as trial court error:

> The trial court erred both when it 1) entered a default judgment against and 2) subsequently denied a motion to vacate a void judgment filed by North Eighteenth Street Energy Efficient Homeownership Project Limited Partnership.

### III.  STANDARD OF REVIEW

{¶ 10} "[W]hen a party claims a trial court lacked personal jurisdiction over them due to improper service of process, the appropriate method to challenge such void judgment is through a common law motion to vacate." *Chuang Dev., LLC v. Raina*, 10th Dist. No. 15AP-1062, 2017-Ohio-3000, ¶ 29. *See also James v. Top of the Hill Renovations*, 10th Dist. No. 15AP-888, 2016-Ohio-1190, ¶ 9 ("A common law motion to vacate is utilized to set aside a judgment rendered by a court that has not acquired personal jurisdiction over the defendant."). "A trial court's decision to deny a motion to vacate judgment is reviewed on appeal for an abuse of discretion whether that motion is made pursuant to Civ.R. 60(B) or under the common law." *James* at ¶ 9.

### IV.  LEGAL ANALYSIS

{¶ 11} We begin by noting there is a dispute regarding whether North Eighteenth/ECDC or North Eighteenth/NHI is the proper representative of North Eighteenth.  North Eighteenth/NHI asserted it was the proper party to represent North Eighteenth and alleged North Eighteenth/ECDC failed to provide proof that it was accepted into the partnership or was a proper party to represent North Eighteenth.  In its response to North Eighteenth/ECDC's motion to vacate, North Eighteenth/NHI asserted the trial court should conduct a hearing to determine which party was the proper representative of North Eighteenth.  The trial court did not resolve the issue before North Eighteenth/ECDC filed the present appeal, and we will not determine in the first instance which entity or entities are the proper parties.[1]  For the purpose of this appeal, we assume without deciding that North Eighteenth/ECDC is a proper party to challenge the default judgment.

---

[1] In its brief on appeal, North Eighteenth/NHI attempts to assert the following additional assignment of error:

> Did the lower court err when it failed to consider whether the party represented by Counsel Moses, the East Columbus Development Company, Inc., is the proper party to challenge the jurisdiction of the Franklin County Court of Common Pleas in Case No. 19 CV 000391, when it had not established at a hearing before that Court that it was the proper representative of the Limited Partnership where another party, The Neighborhood House, had asserted that it was the proper representative of the Limited Partnership.

North Eighteenth/NHI did not file a notice of cross-appeal under App.R. 3(C).  Pursuant to R.C. 2505.22, an appellee who does not appeal may file assignments of error; however, the Supreme Court of Ohio has held that an assignment of error by an appellee that has not filed a notice of appeal "may be considered by a

{¶ 12} North Eighteenth/ECDC asserts the trial court erred by denying its motion to vacate because the default judgment was void due to lack of personal jurisdiction. " '[A] judgment rendered without personal jurisdiction over the defendant is void, and Ohio courts have inherent power to vacate a void judgment.' " *Columbus, Div. of Income Tax v. Yockey*, 10th Dist. No. 19AP-559, 2020-Ohio-3290, ¶ 13, quoting *Green v. Huntley*, 10th Dist. No. 09AP-652, 2010-Ohio-1024, ¶ 11.[2] "There are three methods for a court to acquire personal jurisdiction over a defendant: (1) proper service of process, (2) the defendant's

---

reviewing court only to prevent 'a reversal of the judgment under review.' " *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, ¶ 31, quoting *Parton v. Weilnau*, 169 Ohio St. 145, 171 (1959). Such assignments of error " 'may be used by the appellee as a shield to protect the judgment of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment.' " *Id*. at ¶ 32, quoting *Parton* at 171; *see also Jackson v. Columbus*, 10th Dist. No. 05AP-1035, 2006-Ohio-5209, ¶ 8, *rev'd on other grounds* 117 Ohio St.3d 328, 2008-Ohio-1041 ("Despite its presentation and briefing of this assignment of error, the city of Columbus did not file a notice of cross-appeal under App.R. 3(C) in this case. * * * We will therefore consider the city's proposed assignment of error only to the extent that it provides an alternative ground for affirming the judgment of the trial court, and not as a basis for reversal of any aspect of the trial court's judgment that the city wishes to alter."); *Chapman v. Ohio State Dental Bd.*, 33 Ohio App.3d 324 (9th Dist.1986), paragraph two of the syllabus ("An appellee who has not filed a notice of appeal (cross-appeal) can file cross assignments of error under R.C. 2505.22. However, such assignments of error are only for the limited purpose of preventing the reversal of the judgment under review."). In this appeal, North Eighteenth/NHI's proposed second assignment of error is not offered as a shield to protect the trial court's judgment; rather, the assignment of error suggests the trial court should not have ruled on North Eighteenth/ECDC's motion to vacate and instead should have ruled that North Eighteenth/ECDC lacked standing to challenge the default judgment. Accordingly, North Eighteenth/NHI's proposed second assignment of error is not properly before us. *See Aztec Internatl. Foods v. Duenas*, 12th Dist. No. CA2021-01-002, 2013-Ohio-450, ¶ 60, fn. 15 ("Ruano's assignment of error is not raised in an attempt to defend the trial court's decision. *See* App.R. 3(C)(2). Rather, Ruano seeks to reverse the trial court's decision that the FJO release applied to Duenas, and, as such, this particular assignment of error needed to be raised in compliance with App.R. 3(C)(1)."). *Compare Reighard v. Cleveland Elec. Illum. Co.*, 11th Dist. No. 2008-A-0063, 2009-Ohio-2621, ¶ 82, fn. 5 ("We note that although CEI did not file a cross appeal to request our review of its assignment of error, we are not precluded from reviewing it. * * * Since CEI raises the assignment of error to protect the trial court's decision granting summary judgment in favor of CEI, CEI need not have filed a cross appeal to assign the error."). Because North Eighteenth/NHI did not file a cross-appeal and its proposed second assignment of error is not within the scope of R.C. 2505.22, we will not address North Eighteenth/NHI's proposed second assignment of error.

[2] The foreclosure action in this case was filed under R.C. 5721.18(A) and 323.25; this was not an in rem foreclosure action under R.C. 5721.18(B) or (C). *See In re Foreclosure of Liens & Forfeiture of Prop. for Delinquent Land Taxes by Action in Rem County Treasurer of Lake Cty.*, 11th Dist. No. 2014-L-102, 2015-Ohio-1258, ¶ 32 ("[S]ection (A) [of R.C. 5721.18] does not apply to in rem proceedings instituted under division (B) and (C)."). Moreover, there was no publication of a notice of foreclosure as required for an in rem foreclosure action under R.C. 5721.18(B) or (C). *See* R.C. 5721.18(B)(1) and 5721.18(C)(3)(a); *see also County Treasurer of Lake Cty.* at ¶ 21 ("We find that the service requirements in this case are those outlined in R.C. 5721.18(B)(1), which require a notice of the foreclosure proceedings to be provided to the owner and publication of the notice for three consecutive weeks."); *In re Foreclosure of Liens for Delinquent Land Taxes by Action in Rem Pursuant to Ohio R.C. 5721.19(C), Kenneth C. Howell, Treasurer, Lawrence Cty.*, 4th Dist. No. 05CA35, 2006-Ohio-5417, ¶ 20 ("Specifically, R.C. 5721.18(B)(1) provides for notification by publication concomitantly to notification by mail.").

voluntary appearance and submission to the court's jurisdiction, and (3) acts by the defendant or the defendant's counsel that involuntarily subject the defendant to the court's jurisdiction." *Id*. at ¶ 14. In denying the motion to vacate, the trial court concluded personal jurisdiction over North Eighteenth was obtained through service of process in compliance with the Rules of Civil Procedure.

{¶ 13} Under Civ.R. 4.1(A)(1)(a), service of process may be made by certified mail. If certified mail is returned unclaimed, service may be made by ordinary mail under Civ.R. 4.6(D). "Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civ.R. 4.6(D).

{¶ 14} A rebuttable presumption of proper service arises when a plaintiff complies with the civil rules governing service. *Erin Capital Mgt., LLC v. Fournier*, 10th Dist. No. 11AP-483, 2012-Ohio-939, ¶ 18. In this case, the Treasurer complied with Civ.R. 4.1(A)(1)(a) and 4.6(D) by sending service of the complaint by certified mail and then, after the certified mail was returned unclaimed, by ordinary mail. Service of the complaint on North Eighteenth by ordinary mail to 969 Mount Vernon Avenue was not returned showing failure of delivery. This created a rebuttable presumption of proper service on North Eighteenth. *See id.*

{¶ 15} "A defendant can rebut the presumption of proper service with sufficient evidence that service was not accomplished." *Id*. at ¶ 19. Failure of service despite compliance with the civil rules occurs in two scenarios. *Id*. "First, service is not accomplished if the plaintiff fails to direct the summons and complaint to the defendant's residence or to an address where the plaintiff could reasonably expect that the summons and complaint would be delivered to the defendant." *Id*. "Second, service fails where the defendant does not receive the summons and complaint, even though the plaintiff complied with the civil rules and service was made at an address where the plaintiff could reasonably anticipate that the defendant would receive it." *Id*. This case implicates the latter scenario because North Eighteenth/ECDC asserts North Eighteenth never received service of the foreclosure complaint.

{¶ 16} Booker averred in her first affidavit that she was the executive director of ECDC, which was the general partner of North Eighteenth. Booker averred she "routinely

receive[d] and open[ed] mail for ECDC and [North Eighteenth]."  (Booker Aff. at ¶ 4.) Booker asserted ECDC and North Eighteenth did not receive service of the foreclosure summons or complaint.  The affidavit included a list of addresses for ECDC and North Eighteenth between 2001 and 2021.  The list of addresses indicated that as of January 2019, when the complaint was filed and service by certified mail was attempted, ECDC was located at 3360 East Livingston Avenue in Columbus.  Similarly, in her second affidavit, Booker averred that North Eighteenth maintained its office where ECDC was located, and that neither North Eighteenth nor ECDC had maintained an office at 969 Mount Vernon Avenue since 2008.  Booker stated that since March 1, 2019, North Eighteenth and ECDC had maintained their offices at 1774 East Main Street in Columbus.  Booker averred that North Eighteenth and ECDC never received service of the foreclosure complaint by ordinary mail at 969 Mount Vernon Avenue.

{¶ 17} We have held that "a trial court is not required to give preclusive effect to a movant's sworn statement that she did not receive service of process" if there is no other indication in the record that service was ineffective.  *TCC Mgt. v. Clapp*, 10th Dist. No. 05AP-42, 2005-Ohio-4357, ¶ 15.  "However, such a sworn statement at least warrants the trial court conducting a hearing to determine the validity of the movant's statement." *Id.*  Therefore, "a trial court errs in summarily overruling a defendant's motion to set aside a judgment for lack of service when the defendant submits a sworn statement that she did not receive service of process, without affording the defendant a hearing." *Id.  See also Gupta v. Edgecombe*, 10th Dist. No. 03AP-807, 2004-Ohio-3227, ¶ 15 ("[W]ithout an evidentiary hearing the trial court cannot assess the credibility of the defendant or the persuasiveness of the defendant's evidence, and thus the court would be hindered, in the absence of an evidentiary hearing, from determining whether the defendant was truthful in claiming not to have received service.").  In this case, the common pleas court failed to conduct a hearing on North Eighteenth/ECDC's motion to vacate.  Assuming without deciding that North Eighteenth/ECDC is a proper party to challenge the default judgment, the trial court abused its discretion by denying the motion to vacate without holding a hearing because North Eighteenth/ECDC presented sworn statements attesting it did not receive service of process.

{¶ 18} Accordingly, we sustain North Eighteenth/ECDC's sole assignment of error; on remand, the trial court is instructed to hold a hearing on the motion to vacate.

## V. CONCLUSION

{¶ 19} For the foregoing reasons, we sustain North Eighteenth/ECDC's sole assignment of error and reverse the judgment of the Franklin County Court of Common Pleas. We remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded with instructions.*

LUPER SCHUSTER, P.J., and DORRIAN, J., concur.


LUPER SCHUSTER, P.J., concurring.

{¶ 20} I agree with the majority's conclusion that North Eighteenth/ECDC submitted sufficient evidentiary material to warrant a hearing on the motion to vacate and therefore join the majority's decision sustaining North Eighteenth/ECDC's sole assignment of error. I write separately, however, to emphasize the importance of determining the proper representative of North Eighteenth. Though I recognize North Eighteenth/NHI did not file a notice of cross-appeal here, I would nonetheless urge the trial court to prioritize, on remand, the determination of which entity is the proper representative for further proceedings before the trial court.

————————————