[Cite as *Hogan v. Ohio Adult Parole Authority*, 2024-Ohio-307.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tremain Hogan, | : | |
| Plaintiff-Appellant, | : | No. 23AP-471 |
| | | (C.P.C. No. 23CV-2394) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| [Ohio] Adult Parole Authority, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 30, 2024

**On brief:** *Tremain Hogan*, pro se.

**On brief:** *Dave Yost*, Attorney General, *D. Chadd McKitrick*, and *Salvatore Messina*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, Tremain Hogan, appeals the July 11, 2023 decision and entry of the Franklin County Court of Common Pleas, granting in part and denying in part a motion to dismiss filed by defendant-appellee, Ohio Adult Parole Authority ("APA").

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} Hogan was arrested by his parole officer for a curfew violation and was housed at a correctional institution for a parole revocation hearing.

{¶ 3} On April 6, 2023, Hogan filed a complaint against the APA seeking a declaration that he was illegally housed in a correctional institution while awaiting disposition of a revocation hearing. The complaint also alleges constitutional violations.

{¶ 4} On May 10, 2023, the APA filed a motion to dismiss separately addressing the illegal confinement and constitutional violation issues.

{¶ 5}   On July 11, 2023, the trial court granted APA's motion to dismiss on the illegal confinement issues, but denied the motion to dismiss regarding the constitutional issues.

{¶ 6}   On August 2, 2023, Hogan filed a notice of appeal.

{¶ 7}   On November 14, 2023, the trial court stayed the case pending this appeal.

## II. ASSIGNMENT OF ERROR

{¶ 8}   Appellant assigns the following sole assignment of error:

> The lower court errored when it dismissed in Part the Declaratory Judgment pursuant to civil rule B(6) For failure to state a claim to which relief can be Granted.

(Sic passim.)

## III. LEGAL ANALYSIS

{¶ 9}   As a preliminary matter, before we reach the merits of this appeal, we first must determine whether the trial court decision and entry under review dated July 11, 2023 is a final, appealable order.  The jurisdiction of this court is limited to "the review of final orders, judgments and decrees."  *Corbitt v. State Farm Mut. Auto. Ins. Co.*, 10th Dist. No. 03AP-897, 2004-Ohio-1011, ¶ 5.  Whether the decision and entry is final is a threshold jurisdictional issue for this court.

{¶ 10}   An order of the trial court is considered a final, appealable order if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).  *Tonti Homes Corp. v. Siculan*, 10th Dist. No. 22AP-162, 2022-Ohio-3067, ¶ 7, citing *Oakley v. Ohio State Univ. Wexner Med. Ctr.*, 10th Dist. No. 18AP-843, 2019-Ohio-3557, ¶ 10.

{¶ 11}   An appellate court engages in a two-step analysis to determine if an order is final and appealable.  First, we "must determine whether the order fits within one of the categories set forth in R.C. 2505.02(B)."  *Ohio Farmers Ins. Co. v. Bd. of Cty. Commrs.*, 10th Dist. No. 10AP-164, 2011-Ohio-2942, ¶ 18.  Second, if the order meets the requirements of R.C. 2505.02, we must then determine if Civ.R. 54(B) applies and the order contains the certification that no just reason for delay exists.  *Trico Land Co., L.L.C. v. Kenoil Producing, L.L.C.*, 5th Dist. No. 13CA008, 2013-Ohio-2065, ¶ 17.

{¶ 12}   To constitute a final order, an order has to fit into one of the categories set forth in R.C. 2505.02(B), which provides in pertinent part:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 13} Civ.R. 54(B) applies when multiple claims for relief are involved and the trial court enters judgment on fewer than all the claims. To constitute a final order, the trial court is required to make "an express determination that there is no just reason for delay." Civ.R. 54(B).

{¶ 14} Hogan argues two claims in his complaint: one, the APA illegally housed him in a prison; and two, he was subject to constitutional violations while being held.

{¶ 15} The trial court determined that Hogan was appropriately housed during the revocation process. However, the court did not address the constitutional violations and found "the APA's motion to dismiss as to the alleged constitutional violations is not well taken, and this portion of the APA's motion is hereby **DENIED**. * * * This matter shall proceed accordingly." (Emphasis sic.) (July 11, 2023 Decision and Entry at 4.) The trial court did not include the certification that there was no just reason for delay.

{¶ 16} In cases where not all the claims are adjudicated, "if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable." *Gen. Acc.*

*Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989). That is not the case here. Even if Hogan was legally confined, he may have been subject to unconstitutional treatment. Judgment in favor of the APA on the illegal confinement claims does not necessarily render Hogan's constitutional claims moot. The requirements of R.C. 2505.02(B) are not met.

**{¶ 17}** Because our jurisdiction is limited to review final, appealable orders, "where a judgment does not meet the requirements of R.C. 2505.02 and Civ.R. 54(B), the appeal must be dismissed." *Newcomer v. Nationwide Ins. Ent.*, 10th Dist. No. 02AP-873, 2003-Ohio-960, ¶ 11.

**{¶ 18}** We find, therefore, Hogan's claim of constitutional violations remains pending, and that there is no final, appealable order in this case.

## IV. CONCLUSION

**{¶ 19}** This court lacks jurisdiction over this appeal; accordingly, Hogan's appeal is hereby dismissed.

*Appeal dismissed.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

_____