[Cite as *State v. Arroyo-Garcia*, 2025-Ohio-913.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 24AP-535 |
| | | (C.P.C. No. 14CV-8532) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Jose L. Arroyo-Garcia et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 18, 2025

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, *Jennifer Warmolts*, and *Brian Zagrocki*, for appellant.

**On brief:** *Jose L. Arroyo-Garcia*, pro se.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, P.J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals a judgment of the Franklin County Court of Common Pleas that vacated a prior judgment against defendant-appellee, Jose L. Arroyo-Garcia. For the following reasons, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 18, 2014, the state filed a civil forfeiture action pursuant to former R.C. 2981.05 against Arroyo-Garcia. The state sought forfeiture of property seized as a result of Arroyo-Garcia's criminal case. That property consisted of a 2005 Acura MDX, illegal drugs, and $25,991.

{¶ 3} The state initially directed the Franklin County Clerk of Courts ("clerk") to serve Arroyo-Garcia with the complaint and summons by certified mail at 3425 Refugee Road in Columbus, Ohio. That attempt to serve Arroyo-Garcia failed, so the state requested

that the clerk serve Arroyo-Garcia at the same address by ordinary mail. The envelope containing the complaint and summons sent by ordinary mail was returned to the clerk with the words "moved out" written on it. (Oct. 10, 2014 Service Failure.) At that point, the state gave the clerk a different address for Arroyo-Garcia—3473 Refugee Road—and asked the clerk to serve him by certified mail at the new address. This third attempt at service also failed. The envelope sent by certified mail to the new address was returned marked by the United States Postal Service with the designation "no such number." (Capitalization normalized.) (Nov. 12, 2014 Service Failure.)

{¶ 4} Unable to obtain service by certified or ordinary mail, the state resorted to service by publication. The state filed the affidavit of Ted W. Shaw, an investigator with the Columbus Division of Police, to justify service by publication. Shaw stated in his affidavit that:

> 1. Service of summons cannot be made in the above-captioned case on Jose L. Arroyo-Garcia, because his residence is unknown to me.
>
> 2. I have made the following efforts to ascertain the residence of the respondent:
>
> No info per Accurint or LEADS.
>
> Per arrest package 14-136 latest address for Mr. Garcia is 3473 Refugee Rd. Cols, 43232.
>
> 2. I cannot ascertain the residence of the respondent Jose L. Arroyo-Garcia, with reasonable diligence.

(Capitalization normalized.) (Shaw Aff. at ¶ 1-2.)

{¶ 5} On December 31, 2014, the Daily Reporter filed with the trial court an affidavit showing that the newspaper had published notice of the civil forfeiture action on six different dates in November and December 2014. The notice informed Arroyo-Garcia that he had 28 days from the last date of publication—December 31, 2014—to file an answer to the state's complaint. Arroyo-Garcia did not answer the complaint.

{¶ 6} On February 20, 2015, the state filed a motion to stay the forfeiture proceedings until the conclusion of the criminal case that gave rise to the forfeiture action. The trial court granted the state's motion. On October 30, 2015, the trial court lifted the

stay upon the state's motion. By that date, Arroyo-Garcia had been convicted of four counts of trafficking in cocaine and sentenced.

{¶ 7} Approximately one month later—on November 27, 2015—the state moved for default judgment because Arroyo-Garcia had not answered the complaint, and no one else had claimed an interest in the property at issue. In a judgment dated December 15, 2015, the trial court granted the state a default judgment and ordered the vehicle, illegal drugs, and money forfeited to the Columbus Division of Police and the Franklin County Prosecutor.

{¶ 8} On May 3, 2024, Arroyo-Garcia moved to vacate the December 15, 2015 judgment. Arroyo-Garcia challenged the state's assertion that it had exercised reasonable diligence to locate him prior to using service by publication. Arroyo-Garcia attached to his motion the August 20, 2015 judgment entry convicting him of 4 counts of trafficking in cocaine and sentencing him to an aggregate 12-year prison term. That judgment entry granted Arroyo-Garcia 410 days of jail-time credit, which meant he was confined in a Franklin County jail during the period the state was attempting to find him so it could serve him with the civil forfeiture complaint. Arroyo-Garcia contended that, due to the state's insufficient diligence, service by publication was improper and, thus, the trial court lacked personal jurisdiction over him. Therefore, Arroyo-Garcia argued, the trial court should find the December 15, 2015 judgment was void and order the $25,991 in funds seized from him returned to him. Arroyo-Garcia did not seek the return of the illegal drugs or vehicle in his motion to vacate.

{¶ 9} In response to Arroyo-Garcia's motion, the state contended that it had taken reasonable steps to ascertain Arroyo-Garcia's address by asking a law enforcement officer to locate Arroyo-Garcia. The state maintained that Arroyo-Garcia could not overcome the presumption of proper service that arose when it served Arroyo-Garcia in accordance with Civ.R. 4.4(A)(1).

{¶ 10} In a judgment issued July 26, 2024, the trial court granted Arroyo-Garcia's motion to vacate. The trial court found that the state's service by publication was not reasonably calculated to apprise Arroyo-Garcia of the action against him because the state did not account for Arroyo-Garcia's incarceration. Without proper service, the trial court

lacked personal jurisdiction over Arroyo-Garcia and the December 15, 2015 judgment was void.

## II. ASSIGNMENTS OF ERROR

{¶ 11} The state now appeals the July 26, 2024 judgment and assigns the following errors:

> 1. The trial court erred in granting Arroyo-Garcia's Motion to Vacate the Default Judgment when the State exercised reasonable diligence in ascertaining Arroyo-Garcia's address by consulting a law enforcement investigator and utilizing law enforcement databases.
>
> 6. The trial court erred in granting Arroyo-Garcia's Motion to Vacate the Default Judgment because whether Arroyo-Garcia was served at his previously known address does not rebut the presumption of proper service when made by publication.

## III. FINAL, APPEALABLE ORDER

{¶ 12} Initially, we must address Arroyo-Garcia's argument that the judgment on appeal is not a final, appealable order because the trial court did not certify in the judgment that there is no just reason for delay. We do not find this argument persuasive.

{¶ 13} Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2505.03(A) limit the jurisdiction of the courts of appeals to the review of final judgments. When determining whether a judgment is final and appealable, an appellate court engages in a two-step analysis. *Walburn v. Dunlap*, 2009-Ohio-1221, ¶ 13; *Hogan v. Ohio Adult Parole Auth.*, 2024-Ohio-307, ¶ 11 (10th Dist.). First, the court must determine whether the judgment at issue fits within any of the categories of final orders delineated in R.C. 2505.02(B). *Walburn* at ¶ 13; *Hogan* at ¶ 11. If the judgment constitutes a final order under R.C. 2505.02(B), then the court must determine whether Civ.R. 54(B) applies and, if so, whether the judgment contains a certification that there is no just reason for delay. *Walburn* at ¶ 13; *Hogan* at ¶ 11.

{¶ 14} Pursuant to R.C. 2505.02(B)(3), an order is final if it "vacates or sets aside a judgment." A judgment granting a common-law motion to vacate is a final order under R.C. 2505.02(B)(3). *Gasper v. Bank of Am., N.A.*, 2019-Ohio-1150, ¶ 7 (9th Dist.); *accord GEICO Indemn. Ins. Co. v. August*, 2021-Ohio-2118, ¶ 14 (10th Dist.) (holding an entry granting a motion to set aside a default judgment is a final, appealable order under R.C.

2505.03(B)(3)).  Consequently, the trial court's July 26, 2024 judgment, which granted Arroyo-Garcia's common-law motion to vacate the December 15, 2015 judgment, is a final, appealable order under R.C. 2505.03(B)(3).

{¶ 15}  Thus, we turn to Civ.R. 54(B).  Under that rule, if more than one claim is presented in an action, a court may enter final judgment as to fewer than all the claims if it expressly states that there is no just reason for delay of an appeal.  Civ.R. 54(B); *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).  Without such an express determination, an appellate court may not review a judgment that leaves claims unadjudicated.  *Internatl. Bhd. of Electrical Workers*, *Local Union No. 8 v. Vaughn Industries, L.L.C.*, 2007-Ohio-6439, ¶ 8.  A judgment granting a common-law motion to vacate is final without Civ.R. 54(B) language when no other claims remain for adjudication at the time the trial court grants the motion to vacate.  *Gasper* at ¶ 10.

{¶ 16}  When the trial court granted Arroyo-Garcia's motion to vacate, the forfeiture action was completely resolved, with no claims remaining pending.  Consequently, Civ.R. 54(B) language was not necessary to render the July 26, 2024 judgment final and appealable.  Because the trial court's July 26, 2024 judgment is a final, appealable order, this court has jurisdiction to decide this appeal.

## IV.  STANDARD OF REVIEW

{¶ 17}  In order to render a valid judgment against a defendant, a trial court must have personal jurisdiction over that defendant.  *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984).  A trial court lacks personal jurisdiction over a defendant if there is no effective service of process on the defendant or the defendant does not voluntarily appear in the case or otherwise waive service.  *Id.*; *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182 (1990), paragraph one of the syllabus.  A judgment rendered in the absence of personal jurisdiction over the defendant is void.  *GEICO Indemn. Co. v. August*, 2023-Ohio-1196, ¶ 14 (10th Dist.) ("*August II*"); *Reliable Auto Fin., Inc. v. Kelly*, 2021-Ohio-2851, ¶ 12 (10th Dist.).  Ohio courts have inherent authority to vacate a void judgment.  *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus.  Thus, to attack a judgment on the grounds that it is void due to a lack of personal jurisdiction, a defendant must file a common-law motion to vacate.  *August II* at ¶ 14; *Sullivan v. N. Eighteenth St. Energy Efficient Homeownership Project Ltd. Partnership*, 2022-Ohio-1472, ¶ 10 (10th Dist.).

**{¶ 18}** Generally, appellate courts review a ruling on a common-law motion to vacate for lack of personal jurisdiction under the abuse-of-discretion standard. *August II* at ¶ 16; *Sullivan* at ¶ 10; *Kelly* at ¶ 11; *Third Fed. S. & L. Assn. v. Taylor*, 2017-Ohio-7620, ¶ 11 (10th Dist.). *But see J.M. v. J.C.*, 2020-Ohio-4963, ¶ 17 (10th Dist.) (applying the standard used to review a dismissal—the de novo standard—to review the denial of a common-law motion to vacate). However, the Supreme Court of Ohio has broadly stated that "personal jurisdiction is a question of law that appellate courts review de novo." *Fraley v. Estate of Oeding*, 2014-Ohio-452, ¶ 11 (reviewing whether the trial court erred in granting a Civ.R. 12(B)(2) motion on the basis that it did not have personal jurisdiction over an out-of-state defendant).

**{¶ 19}** These conflicting standards have resulted because personal jurisdiction—like many legal issues—can turn on questions of law *or* fact. In that type of situation, an appellate court determines its standard of review by examining whether the trial court's judgment resulted from a legal analysis or factual findings. *12312 Mayfield Rd., L.L.C. v. High & Low Little Italy, L.L.C.*, 2024-Ohio-2717, ¶ 11 (8th Dist.); *Calypso Asset Mgmt., L.L.C. v. 180 Indus., L.L.C.*, 2024-Ohio-2339, ¶ 15 (10th Dist.). If the judgment turned on a legal analysis, the appellate court applies a de novo standard of review. *12312 Mayfield Rd., L.L.C.* at ¶ 11; *Calypso Asset Mgmt., L.L.C.* at ¶ 15. However, the appellate court will review a judgment decided on factual grounds for an abuse of discretion. *12312 Mayfield Rd., L.L.C.* at ¶ 11; *Calypso Asset Mgmt., L.L.C.* at ¶ 15.

**{¶ 20}** To determine which standard is appropriate in this case, we must consider the specific question we must review: whether the state properly served Arroyo-Garcia with the complaint and summons. Because the question of proper service depends on a trial court's factual findings, an appellate court reviews it for an abuse of discretion. *Clellan v. Lancione*, 2017-Ohio-1460, ¶ 7 (10th Dist.); *accord Hathaway Brown School v. Cummings*, 2023-Ohio-374, ¶ 9 (8th Dist.); *Custom Pro Logistics, L.L.C. v. Penn Logistics L.L.C.*, 2022-Ohio-1774, ¶ 7 (1st Dist.); *Belisle Constr. Inc. v. Perry*, 2022-Ohio-239, ¶ 22 (3d Dist.); *Beaver v. Beaver*, 2018-Ohio-4460, ¶ 8 (4th Dist.). Therefore, we apply the abuse-of-discretion standard when reviewing this appeal.

## V. LEGAL ANALYSIS

{¶ 21} By its first assignment of error, the state argues that the trial court erred in granting Arroyo-Garcia's motion to vacate when the state exercised reasonable diligence to locate Arroyo-Garcia prior to serving him by publication. We disagree.

{¶ 22} Initially, we note that R.C. 2981.05, the statute governing civil forfeiture proceedings, specifies how the state must serve a civil forfeiture complaint. According to the version of R.C. 2981.05 in effect when the state filed the instant complaint against Arroyo-Garcia:

> The prosecutor shall give notice of the commencement of the civil action, together with a copy of the complaint, to each person who is reasonably known to have any interest in the property, by certified mail, return receipt requested, or by personal service. The prosecutor shall cause a similar notice to be published once each week for two consecutive weeks in a newspaper of general circulation for the county in which the property is located.

Former R.C. 2981.05(B). Thus, the prosecutor must serve any person with an interest in the property subject to forfeiture with the civil forfeiture complaint either by certified mail or personal service—not service by publication. In addition, the prosecutor must publish a notice of the civil forfeiture action.

{¶ 23} Strict compliance with this statutory notice requirement is mandatory. *In re $593 US Currency Seized from Moore*, 2017-Ohio-7330, ¶ 15 (1st Dist.). Failure to perfect service as required by R.C. 2981.05 deprives a trial court of personal jurisdiction to render a judgment against the defendant. *State v. Jimenez*, 2025-Ohio-651, ¶ 22 (8th Dist.)

{¶ 24} In this case, the state attempted, but failed, to serve Arroyo-Garcia by certified mail. The state never tried to personally serve Arroyo-Garcia. The prosecutor's failure to serve Arroyo-Garcia as required by R.C. 2981.05 is a separate, independent reason for the trial court's lack of personal jurisdiction over him. Nevertheless, as it is a reason Arroyo-Garcia did not raise in his motion to vacate, we must consider whether the state properly served Arroyo-Garcia by publication.

{¶ 25} Despite the dictates of former R.C. 2981.05(B), the state attempted to serve Arroyo-Garcia with the civil forfeiture complaint by publication. Former Civ.R. 4.4(A)(1), which set forth the procedural requirements for obtaining service by publication, stated:

> [I]f the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.

Former Civ.R. 4.4(A)(1).[1]

{¶ 26} Given the requirements of Civ.R. 4.4(A)(1), a plaintiff must exercise reasonable diligence in its attempt to locate a defendant's residence before it is entitled to service by publication. *Sizemore v. Smith*, 6 Ohio St.3d 330, 331 (1983). A plaintiff exercises reasonable diligence if it "tak[es] steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address." *Id.* at 332; *accord In re Thompkins*, 2007-Ohio-5238, ¶ 25-26 (following *Sizemore*). Such steps may include searching telephone books or government records and contacting a credit bureau or former neighbors. *Thompkins* at ¶ 26; *Sizemore* at 332. Although no particular type of search is required, counsel must use common and readily available sources when looking for the defendant's residence. *Thompkins* at ¶ 26; *Sizemore* at 332. What constitutes reasonable diligence will depend on the facts and circumstances of each particular case. *Thompkins* at ¶ 25; *Sizemore* at 332.

{¶ 27} If a plaintiff fails to perfect service on a defendant due to the lack of reasonable diligence before service by publication, then the trial court lacks jurisdiction to enter default judgment against the defendant and the judgment is void. *Franks v. Reynolds*, 2021-Ohio-3247, ¶ 25 (7th Dist.). Filing an affidavit with averments that comply with Civ.R. 4.4(A)(1) "gives rise to a rebuttable presumption that reasonable diligence was exercised." *Sizemore* at 331. The averments in the affidavit, however, are not conclusive. *Id.* at 332. When "challenged" by the defendant, the plaintiff "must support the fact that he or she used reasonable diligence." *Id.*

---

[1] We quote Civ.R. 4.4(A)(1) as it appeared in 2014. An amended version of Civ.R. 4.4(A)(1) became effective on July 1, 2018. As relevant to the portion of the rule quoted, the Supreme Court of Ohio amended the wording of Civ.R. 4.4(A)(1) to allow service by publication to be used by parties other than plaintiffs against parties other than defendants. In other respects, the pre-amendment and post-amendment versions of the quoted portion of the rule are substantively the same.

{¶ 28} In this case, the state filed the affidavit of Ted W. Shaw, an investigator of the Columbus Division of Police, to fulfill its obligation under Civ.R. 4.4(A)(1). Shaw stated there was "no info per Accurint or LEADS" about Arroyo-Garcia's address and the last address for Arroyo-Garcia, "per [the] arrest package," was "3473 Refugee R[oa]d." (Capitalization normalized.) (Shaw Aff. at ¶ 2.) The state had tried, but failed, to obtain service on Arroyo-Garcia by certified mail at the 3473 Refugee Road address.

{¶ 29} Arroyo-Garcia challenged whether Shaw searched for him with reasonable diligence by providing a copy of the August 20, 2015 judgment entry convicting and sentencing him, which awarded him 410 days of jail-time credit. Arroyo-Garcia earned his jail-time credit for the 410 days he was confined prior to his August 20, 2015 conviction and sentencing. Consequently, Arroyo-Garcia was incarcerated in a Franklin County jail in November 2014 when Shaw was looking for his residence. By demonstrating that he was located in the logical place for someone with serious pending criminal charges, Arroyo-Garcia rebutted the presumption of reasonable diligence.

{¶ 30} Although Arroyo-Garcia overcame the presumption, the state presented no further evidence of reasonable diligence. Instead, it merely contended that its investigator's search was sufficient. We disagree with the state that it demonstrated reasonable diligence.

{¶ 31} The state knew that Arroyo-Garcia was under criminal indictment because the civil forfeiture complaint sought property seized as a result of the criminal case. As soon as the state believed it had achieved service of Arroyo-Garcia, it sought a stay because Arroyo-Garcia's criminal case was still pending. Not only did the state's motion for a stay advise the trial court about the status of Arroyo-Garcia's criminal case, but it also identified the criminal case by its case number.

{¶ 32} By the information disclosed in the civil forfeiture filings, the state revealed that it had the knowledge necessary to access the docket of Arroyo-Garcia's criminal case via the clerk's publicly available online database. Indeed, the fact that the state kept the trial court apprised of the status of Arroyo-Garcia's criminal proceedings suggests that the state was accessing Arroyo-Garcia's criminal docket throughout the civil forfeiture case.

{¶ 33} The state represents to this court that it was unaware of Arroyo-Garcia's incarceration status when it served him by publication. Given the facts and circumstances of this case, the state's ignorance is a product of its failure to exercise reasonable diligence.

The state knew that Arroyo-Garcia was under indictment, so it had to realize that he might be in jail if he did not receive, or could not post, bond.  Like all court orders, court orders regarding bonds are recorded on the case docket.  Therefore, the docket of Arroyo-Garcia's criminal case was a common and readily available source for obtaining information about his potential location.

{¶ 34} Had the state reviewed the docket, it would have discovered that Arroyo-Garcia was incarcerated in a Franklin County jail.  Arroyo-Garcia's criminal docket showed that the trial court set a $20,000 recognizance bond and a $1,000,000 surety bond on July 30, 2014.[2]  Additionally, the docket contained no entry indicating that any bond had been posted.

{¶ 35}  In sum, we conclude that the trial court did not abuse its discretion in concluding that the state did not properly serve Arroyo-Garcia pursuant to Civ.R. 4.4(A)(1). The trial court, therefore, did not err in granting Arroyo-Garcia's motion to vacate the December 15, 2015 judgment.  Accordingly, we overrule the state's first assignment of error.

{¶ 36} By its second assignment of error, the state argues that the trial court erred in finding that Arroyo-Garcia rebutted the presumption of service by showing he was incarcerated at the time of service.  The state takes issue with the reason the trial court gave for finding Arroyo-Garcia's incarceration rebutted the presumption: the incarceration made "it highly improbable that he could have been served at his last known address." (July 26, 2024 Decision & Entry at 2.)  Of course, with service by publication, the defendant is not served at an address.  Thus, the unlikelihood of Arroyo-Garcia's receipt of the summons and complaint at his last known address could not rebut the presumption of service by publication.

{¶ 37} Nevertheless, as we explained above, evidence of Arroyo-Garcia's incarceration rebutted the presumption of reasonable diligence that arose with the state's filing of an affidavit that complied with Civ.R. 4.4(A)(1).  As the trial court concluded, service by publication was not reasonably calculated to reach Arroyo-Garcia because the state did not account for his incarceration, which the state would have known about if it

---

[2] Although the filings in the criminal case are not part of the record of the case on appeal, appellate courts may take judicial notice of public court records readily accessible on the internet. *Greenlawn Cos. v. Canty*, 2024-Ohio-3412, ¶ 35 (10th Dist.); *Irani v. AMF Bowling Co.*, 2024-Ohio-2504, ¶ 44 (10th Dist.). As the filings in Arroyo-Garcia's criminal docket are publicly available online, we take judicial notice of them.

had exercised reasonable diligence.  The state, therefore, failed to properly serve Arroyo-Garcia by publication under Civ.R. 4.4(A)(1).  Accordingly, we overrule the state's second assignment of error.

## VI.  CONCLUSION

{¶ 38} For the foregoing reasons, we overrule the state's first and second assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and EDELSTEIN, JJ., concur.

_____